LITTLE ROCK & FT. SMITH RAILWAY CO. v. PANKHURST, ADX.

| 36 | 371 |
| 61 | 621 |
| 36 | 371 |
| 69 | 3⁴² |
| 36 | 371 |
| 74 | 411 |
| d75 | 217 |
| 76 | 363 |
| 76 | 524 |
| 36 | 371 |
| f81 | 5 |
| 82 | 444 |

1. CONTRIBUTORY NEGLIGENCE: *Excuses the injury.*
   It is well settled that "one who is injured by the mere negligence of another, can not recover at law or equity, any compensation for the injury if he, by his own or his agents' ordinary negligence, or willful wrong, contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault the injury would not have happened to him; except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence."

2. PRACTICE IN THE CIRCUIT COURT: *Finding special verdict.*
   It is within the discretion of the circuit court to require, or not, the jury to find specially upon particular questions presented by counsel at the trial.

Little Rock and Fort Smith Railway Company v. Pankhurst, Adx.

APPEAL from *Pulaski* Circuit Court.
Hon. M. L. RICE, Special Judge.

*Clark & Williams,* for appellant:

Appellant only bound, under the circumstances in evidence, to avoid malicious or reckless injury. *Johnson v. Boston & Maine R. R. Co.,* 125 *Mass.,* 75; *Morrissey v. Eastern R. R. Co.,* 126 *Mass.,* 8 *Cent. Law Journal,* 385; *Mulhern v. R. R. Co.,* 81 *Penn. St.,* 366; *Wharton on Negligence,* sec. 388, *a; Shearman & Redfield on Neg.,* secs. 10, 11. Failure to have light in front, no negligence, unless the accident were the natural and probable result of the omission. *Sh. & Red. on Neg.,* secs. 6, 8 and 10; *Belfontaine R. R. Co. v. Sneider,* 18 *Ohio St.,* 399; *Greenland v. Chaplin,* 5 *Exch.,* 243; *McGrew v. Stone,* 53 *Penn. St.,* 436; *Wharton on Neg.,* sec. 97; *McGee v. Cairo,* 9 *Cent. Law J.,* —.

The facts being undisputed, question of negligence was one of law, and court should have directed a verdict for defendant. *Morgan v. Duffie,* 9 *Cent. Law J.,* 12; *ib.,* 102; *Proffatt on Jury Trials,* secs. 351, 352, 354; 64 *Mo.,* 267; *ib.,* 484; *Shear. & Red. on Neg.,* sec. 11; 42 *Mo.,* 193; 27 *Barb.,* 221; 11 *Ired. (N. C.) Law,* 16; *ib.,* 247; *ib.,* 640; *Ired. Law,* 402; 1 *Bosw.,* 357; 52 *Penn. St.,* 282. Omission to do an act not positively enjoined, not subject of a suit. *Whart. on Neg.,* secs. 82, 388, *a;* 125 *Mass.,* 75. Even if law had required the head-light, omission not actionable unless it caused the injury. *Wharton,* 384, and cases cited; 40 *N. Y.,* 9; *Shear. & Red. on Neg.,* 8, 13, *a.*

Not necessary to show contributory negligence, until positive negligence first made out against defendant. Failing that, defendant entitled to verdict. *Shear. & Red. on Neg.,* sec. 11, and cases cited; *Morgan v. Duffie,* 9 *Cent. Law*

*J.*, —; *O'Donnell v. M. T. R. R. Co.*, 8 *ib.*, 414; 9 *ib.*, 102; 9 *Mo.*, 113; 4 *Otto.*, 278, 284; 21 *Wall.*, 448; 22 *ib.*, 121; 11 *Howard*, 373; 10 *Wall.*, 637; 5 *Otto.*, 697; 9 *ib.*, 201; 11 *Mo.*, 114; 26 *ib.*, 202; 40 *ib.*, 131; 36 *ib.*, 484; 64 *Mo.*, 267; 58 *Maine*, 389; 9 *Otto.*, 272; 18 *N. Y.*, 425; 24 *ib.*, 433; 25 *Mich.*, 274; 53 *Penn. St.*, 436; 7 *Otto.*, 319.

On general question of negligence: *Shear. & Red. on Neg.*, secs. 25, 26, 482, 493; 26 *Ark.*, 3, 6; 10 *Mer. & Well.*, 546; 4 *Ind.* (95) *App.*; 1 *Abb. N. Y.* (*Brooks v. Buf. & Niagara Falls R. R.*); 9 *Ind.*, 397; 3 *Ohio St.*, 172; 47 *Ill.*, 408; 2 *Du Val*, 114; 43 *Mo.*, 380; 43 *N. Y.*, 75; 4 *ib.*, 349; 47 *Penn. St.*, 300; 2 *Neb.*, 319; 81 *Penn. St.*, 366; 13 *Ill.*, 585; 46 *ib.*, 74; 45 *Iowa*, 29; *Wharton on Neg.*, sec. 388, *a*; 125 *Mass.*, 75; *Morrissey v. Eastern R. R. Co.*, 126 *Mass.*, —; 64 *Mo.*, 267; 47 *Ill.*, 408; *ib.*, 414; 96 *Mass.*, 429; 3 *Thompson*, etc. (*N. Y.*), 513; 1 *Hun.*, 417.

Jury should have found specially upon interrogatories propounded by defendant (*Gantt's Digest, sec.* 4679), and special verdict controls; 33 *Mich.*, 251; 43 *Ind.*, 553; 20 *Kan*, 14; 18 *ib.*, 195; 53 *Ind.*, 176; 54 *ib.*, 487; 12 *Ct. of Claims* (*N. S.*), 565; 76 *N. C.*, 10; 52 *Ind.*, 505; 45 *ib.*, 67; 47 *ib.*, 461.

*M. W. Benjamin*, for appellee:

Negligence, a question for the jury. *Miss. Cent. R. R. Co. v. Mason*, 51 *Miss.*, 234; *End. v. St. Paul*, 22 *Minn.*, 443; 56 *Ga.*, 457; 34 *ib.*, 330; 83 *Ill.*, 415.

This court will not reverse on weight of evidence, even in favor of preponderance. *Ark. Repts* (*passim*).

First and second instructions given, based on *Barker & Wife adv. L. R. & Ft. S. R. R. Co.*, 33 *Ark.*, 350. Third, of similar import.

Gross negligence not in question. Road bound to use ordinary care. 33 *Ark.*, 350; 50 *Mo.*, 465; 60 *ib.*, 477; 5

*Mo. App.*, 435.   To keep proper watch, such as prudence would dictate:   Cases *supra*, and 13 *Bush.*, 122.

Further, as to negligence being matter of fact: 17 *Wallace*, 660; 60 *Ga.*, 441; 22 *Minn.*, 443; 36 *Ga.*, 437; 34 *ib.*, 330; 31 *Miss.*, 234; 83 *Ill.*, 205.

*Sec.* 4679 *of Gantt's Digest* discretionary with the judge.


HARRISON, J.   This was an action by Mary Pankhurst, administratrix of William H. Pankhurst, against the Little Rock and Fort Smith Railway Company for causing the death of her intestate by the negligent management of its train.

The defense was that the death of the deceased was occasioned by his own negligence and not by that of the defendant.

There was a verdict for the plaintiff for $1,685.   The defendant moved for a new trial, and the motion being overruled, appealed.

It appears from the evidence, which was in no material part conflicting, that the deceased, who lived on or near the defendant's road, about eight miles from Little Rock, had, on the day of the accident, which was the fourteenth of October, 1876, been to Little Rock, and was, when it happened, on his way home.   He was walking on the railroad track on which was a well worn path and was drunk and staggering, and when within about four miles of his home, and about dark, he fell and lay upon the track, and a passing construction train, about 8 o'clock in the evening ran over and killed him.

The regular train had passed some time before he fell upon the track.   The construction train was slowly backing down from Warren station to Argenta and frequently stopping to distribute timbers along the track.   The ten-

der was in front of the engine, and there was no light on the tender or in front, except from the engine fire and sparks, which could be seen in front, but was somewhat obstructed by the tender, and the night was dark and cloudy, but the train could be heard a quarter of a mile, and seen some distance, and in ample time to allow a person on the track to get off before it passed.

There was where the deceased was killed no crossing or public way over the track, and no one on the train saw the deceased on the track, or knew of his being run over and killed until the next morning.

The plaintiff asked the following instructions to the jury, which the court gave against the objection of the defendant :

"1.   Railroad companies, owing tó the dangerous character of the business they engage in, are held to the greatest care in the operation of their locomotives and machinery, and if you find from the evidence that the defendant's agents or servants in running the locomotives and cars failed to use such care or caution, you will find for the plaintiff, if you further find that the deceased was killed by the defendant's cars when the killing might have been prevented by the use of such diligence, and without his negligence being the proximate cause.

"2.   If you believe from the évidence that the deceased was in fault in walking on defendant's track, and while walking on it was killed by the defendant's engine or cars, but that defendant's agents were aware, or ought, by the use of ordinary diligence, to have been aware of the fact, that he was on the track in time to avoid killing him by the use of reasonable diligence, the failure to use such diligence alone must be considered the proximate cause of the injury; and in that event you should find for the plaintiff.

"3.   If the defendant knowingly permitted its track to

be used as a foot-path by the public generally for years, and made no objection to its being so used, such permission or acquiescence required the defendants to use ordinary care, prudence and diligence, at all times, in running its engines and cars, to avoid injury to footmen thus upon its track; and if you believe that the defendant failed to use ordinary care, prudence and diligence, to avoid injury to the deceased while thus upon its track, you will find for the plaintiff."

The first contained an ambiguous expression which rendered its meaning uncertain and may have misled the jury.

Whilst it is true that greater care is demanded of a railroad company in the operation of its locomotives and trains than is required in the use and control of less ponderous and dangerous agencies, yet toward strangers or persons to whom the company has assumed no direct obligation or duty, it is but that ordinary care, which a sensible, prudent man would take under all the circumstances of each particular case. As remarked by Mr. Justice EAKIN, in the case of the *St. Louis, Iron Mountain and Southern Railway Company v. Freeman, ante:* " This ordinary care imposed upon railways to be exercised by their employees, varies with the circumstances, and the subject-matter endangered. For example, ordinary care would require more precaution in running through the streets of a village, or populous neighborhood, at night than through vast outlying forests or prairies in daylight, and it is the instinct of humanity as well as a rule of law, that everywhere ordinary care requires more precautions against endangering the lives of persons than of cattle; still it is ordinary care in each case; which means such care as persons of ordinary prudence would use in similar circumstances. *St. Louis, Iron Mountain and Southern Railway Company v. Vincent, ante; Little Rock and Fort Smith Railway Company*

*v. Barker, 33 Ark., 350; Isabel v. Hannibal and St. Joseph Railroad Company, 60 Mo., 475; Brown v. Hannibal and St. Joseph Railroad Company, 50 Mo., 461; Brand v. Schenectady and Troy Railroad Company, 8 Barb., 368; Shear. and Redf. on Neg., sec. 7.*

It is the well settled doctrine, as laid down in *Shearman & Redfield on Negligence*, that "one who is injured by the mere negligence of another can not recover at law or equity any compensation for his injury, if he by his own or his agent's ordinary negligence or willful wrong contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault, the injury would not have happened to him, except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence." *Shear. & Redf. on Neg., sec. 25; Whar. on Neg., secs. 300, and 388, a; St. Louis, Iron Mountain and Southern Railway Company v. Freeman, supra; Harvey v. Rose, 26 Ark. 3; Brand v. Schenectady and Troy Railroad Co., supra; Johnson v. Boston and Maine Railroad, 125 Mass., 75; Morrissy v. Eastern Railroad, 126 Mass., 377; Evansville & Crawfordsville Railroad Company v. Hiatt, 17 Ind., 102; State v. Railroad, supra; Isabel v. Hannibal & St. Joseph R. R. Co., supra.*

Though we think there was negligence in the defendant, in not having a light upon the tender and a lookout in front (for cattle or stock, if not persons, might be anticipated to be on the track), yet the deceased's own negligence in being voluntarily on the track, and from intoxication unable to get out of the way of the train, was the proximate cause of his death. The second and third instructions therefore did not state the law correctly.

The defendant also asked instructions substantially the

1. CONTRIBUTORY NEGLIGENCE: Excuses the injury.

converse of those given for the plaintiff, the refusal to give which, was a ground of the motion for a new trial; but as the questions raised by them are sufficiently answered in what we have said in regard to those given for the plaintiff, it would be useless to notice them.

2. Finding special verdict, with-in discretion of court. The court was asked by the defendant to require the jury to find specially upon particular questions of fact stated, which the court declined to do, and its refusal was made another ground of the motion for a new trial.

We are of the opinion that the matter was within the sound discretion of the court, and it might, or might not, as it deemed best, submit the questions to the jury. The language of the provisions of the Code under which the application was made is as follows:

"In all actions the jury in their discretion, may render a general or special verdict, but may be required by the court in any case in which they render a general verdict, to find specially upon particular questions of fact to be stated in writing." *Gantt's Digest, sec., 4697.*

Such requirement may be very proper in some cases, but wholly useless and unnecessary in others, and only the court trying the case, can judge of the expediency of it.

For the error in giving the plaintiff's instructions the judgment is reversed, and the cause remanded.