# CASES DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS

SOUTHERN EXPRESS COMPANY *v.* HILL.

Opinion delivered November 26, 1906.

1. NEGLIGENCE—EFFECT OF CONTRIBUTORY NEGLIGENCE.—One who is injured by the mere negligence of another can not recover at law or equity any compensation for his injury if he by his own or his agent's ordinary negligence or wilful wrong contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him. (Page 5.)

2. CARRIER—CONTRIBUTORY NEGLIGENCE OF SHIPPER'S AGENT.—An instruction which imposed liability upon the carrier if the shipper delivered a box to the shipper's agent with directions to be shipped to a certain point, and the agent delivered the box to the carrier, and it failed or neglected to deliver the box, was erroneous in ignoring evidence that plaintiff's agent negligently marked the box to be sent elsewhere, and that it was lost in consequence of such misdirection. (Page 5.)

3. SAME—MISCARRIAGE OF GOODS—BURDEN OF PROOF.—In an action against a carrier to recover for failure to deliver a box of goods at their destination, it was error to instruct the jury that the burden was on the carrier to show that the box of goods was misdirected when delivered to it if the consignee's address was properly given in the carrier's receipt, the burden on the whole case being on the plaintiff. (Page 6.)

4. EVIDENCE—PROVING RECEIPT.—A receipt is not admissible in evidence until its execution has been proved. (Page 6.)

5. CARRIER—LIMITATION OF LIABILITY—VALIDITY.—A stipulation in a carrier's receipt limiting its liability to the sum of fifty dollars is invalid where it is not based upon any consideration. (Page 7.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellee sued appellant for the loss of a box of clothing, which he alleged was delivered to appellant at Memphis to be shipped to J. W. Hill at Nashville, Arkansas. Appellee alleged

that appellant refused and neglected· to deliver the box of clothing to him at Nashville, Ark.  He alleged that the box of clothing was of the value of $210, and prayed for judgment in that sum.  Appellant denied all material allegations of the complaint, · and set up that the alleged box of clothing was delivered to it marked J.. W. Hill, Nashville, Tenn., and that it was by appellant transported to Nashville, Tenn., and that appellant, having made every reasonable effort to locate the consignee, J. W. Hill, at Nashville, Tenn., and having failed, sold the box at "Old Hoss" sale in accordance with the laws of Tennessee.

Appellant.also set up "that by the terms, stipulations and conditions of the receipt given by appellant for the said box of clothing the liability of the carrier was limited to the sum of fifty dollars, and that said shipment was made on these terms at a lower charge for transportation than is charged where the maximum liability may exceed this sum."

Appellant also set up that appellee's agent, one Johnson, who delivered the box to appellant, marked it consigned to J. W. Hill, Nashville, Tenn., and that this act of appellee through his agent, Johnson, was a direct contributory cause of the miscarriage of such shipment.  Appellee adduced evidence tending to prove that he delivered to appellant the box in controversy through his agent, the Memphis Millinery Company, or T. D. Johnson, who was in its employ; that appellant receipted the Memphis Millinery Company for the box, the receipt reciting that the box was marked "J. W. Hill, Nashville, Ark.;" also that the holder of the receipt would not demand of appellant a sum greater than fifty dollars for the loss or damage .to the box, and that in no event should appellant be liable for any loss or damage unless the claim therefor was presented in writing at the Memphis office within ninety days from the date of the receipt, and that the claim must be made in a statement to which the receipt must be attached. Appellee showed that he had never received the box of clothing, and that he had made diligent inquiry for same.  He proved that the value of its contents was over $100.  Appellant on cross-examination elicited from appellee the information that he (appellee) did not see the receipt executed, and did not know the name signed to it, and did not know that the person signing the receipt was an agent of the company, whereupon appellant ob-

jected to the receipt as evidence, and the objection was over-ruled. .

The appellant adduced evidence tending to prove that appellee left the box of clothing with one T. D. Johnson, who was in the employ of the Memphis Millinery Company, to be sent to appellee at Nashville, Ark., and to be marked or addressed by the said T. D. Johnson accordingly. But, instead, said box was addressed "J. W. Hill, Nashville, Tenn." Appellant also adduced evidence tending to show that the box weighed only twenty pounds, and that it was not worth over twenty-five dollars.

The court, at the request of the appellee, gave the following instructions:

"(1.) The court instructs the jury that if they believe from a preponderance of the evidence that the plaintiff, J. W. Hill, delivered the box of goods sued for in this action to one Mr. Johnson, to be by him addressed to J. W. Hill, of Nashville, Ark., and then to deliver to the express company to be transported and delivered to J. W. Hill, at Nashville, Arkansas, and that said box was delivered to said express company by said Johnson, and that said express company failed or neglected to deliver the same to the plaintiff, you will find for the plaintiff whatever sum the proof shows the clothing was worth.

"(2.) The court instructs the jury that a public carrier is liable for goods lost by misdelivery whether the misdelivery occurs by mistake or by fraud or imposition practiced upon it, unless the fraud, mistake or imposition were the acts of the plaintiff or his agent.

"(3.) The court instructs the jury that the burden of proof is on the defendant in this case to show that the box of goods was addressed to 'J. W. Hill, Nashville, Tenn'., instead of 'J. W. Hill, Nashville, Ark'., provided the express company delivered its bill of lading to the plaintiff or his agent showing that the box of goods was addressed to 'J. W. Hill, Nashville, Ark'."

The appellant properly saved its several exceptions to the giving of every one of said instructions. The court at the instance of appellant gave, among others, the following instructions:

"1. The jury are instructed that the burden of proof is on the plaintiff, J. W. Hill, to show by a preponderance of competent evidence every fact necessary to authorize a recovery.

"3. The jury are instructed that in the shipping and marking the box of clothing in controversy the witness T. D. Johnson acted as agent of the plaintiff, J. W. Hill; and if the jury find from the evidence that in addressing or marking the box in controversy for shipment the said Johnson, either inadvertently or otherwise, marked or addressed the same, 'Nashville, Tenn.', instead of 'Nashville, Ark.', this will be the same in law as though done by the plaintiff, J. W. Hill, in person.

"4. If the jury find from the evidence that the box in controversy was marked 'Nashville, Tenn.', instead of 'Nashville, Ark.', and that, but for it being marked 'Nashville, Tenn.', it would have gone to Nashville, Arkansas, or that the fact of it being marked 'Nashville, Tenn.', contributed to the miscarriage or going astray of the package, then and in that event the plaintiff can not recover. And this is true whether the operating or concurring fault was the act of the plaintiff or his agent, provided you find there was such concurring fault or negligence.

"7. The value of the goods in controversy must be measured by the market value thereof at the time of shipment, taking into consideration all the evidence throwing light on the question of value under this standard."

And the court refused the following asked by appellant:

"5. The jury are instructed that there can be no recovery in this suit for more than fifty dollars and legal interest, even if it be found that the package was properly addressed and was negligently lost by the defendant.

"6. Though the jury may find that the defendant was negligent in not sending the box of clothing in controversy to Nashville, Arkansas, yet there can be no recovery by the plaintiff if either he or his agent addressed it to 'Nashville, Tenn.', instead of 'Nashville, Ark.', and this fact contributed to the loss of the goods."

Proper exceptions were saved to the ruling of the court in refusing instructions Nos. 5 and 6, respectively.

The jury returned a verdict against appellant for $100.

The motion for new trial presenting all the exceptions reserved at the trial was overruled, and this appeal taken.

*W. C. Rodgers*, for appellant.

1.  The fifth instruction asked for by appellant should have been given.   The recovery should have been limited to the amount stipulated in the contract.

2.  It was error to refuse the sixth instruction asked by appellant.   Even if the carrier be negligent in failing to deliver the goods at the proper destination, yet if the loss or miscarriage was contributed to by the fault or negligence of the shipper or his agent, he is not entitled to recover.   36 Ark. 371; 48 Ark. 106; 76 Ark. 356.   Certainly the package being addressed by appellee's agent to Nashville, Tenn., was a concurring cause bringing about the loss, and appellee ought not to recover.   120 Mass. 139; 24 Wis. 157; 83 Pa. St. 22; 84 Illl. 239; 22 Ore. 14; 21 Wis. 21; 84 Tenn. (12 Heisk.), 161.   See, also, 3 Cliff. (U. S. C. C.) 184; 3 Houst. (Del.) 233; 12 Fed. Cas. No. 6914; 105 Iowa, 335; 170 Ill. 645.

3.  The first instruction given for plaintiff was erroneous, because it ignores the rule of concurring fault.   *Supra.*

4.  The second instruction given for plaintiff was erroneous, in that it practically assumes an improper *delivery,* without proof to support such a contention.   41 Ark. 382; 61 Ark. 549; 70 Ark. 441; 74 Ark. 19; 74 Ark. 468; *id.* 756; 3 *id.* 517.   There is no evidence of any fraud and imposition for which appellant could properly be held responsible.

5.  The third instruction given for plaintiff was erroneous, in requiring the company to assume the burden of showing that the box was addressed to Nashville, Tenn., whereas there was no evidence contrary to that fact.   90 S. W. 17 *id.* 18; 72 Ark. 471.

*Sain & Sain* and *W. S. McCain,* for appellee.

Wood, J. (after stating the facts.)   First.   One who is injured by the mere negligence of another can not recover at law or in equity any compensation for his injury if he by his own or his agent's ordinary negligence or willful wrong contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him.   *Little Rock & F. S. Ry. Co.* v. *Pankhurst,* 36 Ark. 371; *Little Rock & F. S. Ry. Co.* v. *Cavenesse,* 48 Ark. 106; *Kansas City So. Ry. Co.* v. *McGinty,* 76 Ark. ·356.   This doctrine of contributory negligence, so often announced by this court, was correctly applied to the facts of this record in instruc-

tion numbered four given on motion of appellant. The court, having given this, did not err in refusing appellant's request numbered six, which embodied substantially the same idea. The court however erred in giving instruction number one. This instruction fixed a liability upon appellant if appellee delivered the box to his agent and gave him proper directions for its shipment, and if the agent delivered the box to the appellant and appellant failed or neglected to deliver same to appellee. The instruction in this form wholly ignores the evidence tending to prove that the box was marked by appelllee's agent "Nashville, Tenn." For, although appellee delivered the box to his agent, Johnson, and directed him how to ship same, it appears from the testimony of Johnson himself (read in the motion for continuance and accepted as evidence in the case) that he failed to carry out such instructions. Appellee left the box in controversy with him "to be sent to the plaintiff (appellee) at Nashville, Ark.," and to be marked or addressed accordingly, but the box "was addressed Nashville, Tenn., instead." The conclusive inference from this testimony is that Johnson addressed the box "Nashville, Tenn.", when he should have addressed or marked it "Nashville, Ark." But the instruction overlooks this evidence, and makes appellant liable if appellee directed his agent properly how to ship the box, athough the agent may have failed to carry out his instructions.

The third instruction given at the instance of appellee was also erroneous. It placed the burden of proof upon the appellant to show that the box of goods was addressed to "J. W. Hill, Nashville, Tenn.," provided appellant issued its bill of lading to appellee or his agent showing that the box was addressed to "J. W. Hill, Nashville, Ark:" Appellant on cross-examination objected to the introduction of the receipt as soon as it ascertained that the receipt had not been properly authenticated. The court should then have sustained the objection and excluded the receipt as evidence unless appellee would then or thereafter properly prove its execution. Taking the receipt out of the case as the court should have done, the instruction numbered three for appellee was abstract, there being no evidence upon which to ground it. But, even if it were conceded that the receipt was properly authenticated, and therefore properly in evidence, the instruction would still be erroneous. For the probative effect of the receipt was simply to show that

appellant had received a box of goods marked Nashville, Ark. The receipt tended to contradict appellant's witness, Johnson, who testified that the box was marked "Nashville, Tenn." The receipt was not conclusive evidence of how the box was marked. While a receipt is usual, it is not essential to the duty or contract of carriage. *Southern Express Co.* v. *Kaufman,* 12 Heisk. · (Tenn.) 161. It was one of the evidentary facts tending to show that the box was marked in a certain way, while other evidence tended to show that it was marked in a different way.

In such a case, the evidence being all before the jury and conflicting, there was no shifting of the burden of proof. The burden was on the appellee to make out his case by a preponderance of the evidence.

Second. Appellant contends that, if liable at all, it is not liable for more than fifty dollars, under the following provision in the receipt: "If the value of the property is not stated by the shipper at the time of the shipment, and specified in the receipt, the holder thereof will not demand of the company a sum exceeding fifty dollars for the loss or damage to the shipment receipted for." According to the terms of the receipt this provision is applicable in the event the shipment is lost or damaged. Appellee contends with much plausibility that the box in this case was neither lost nor damaged, but was converted by appellant, and that therefore the above provision limiting its liability is not applicable. We need not pass upon that question. For, conceding that the receipt was in the case, the appellant can not claim the benefit ᵒ of it, because it is not based upon any consideration. *St. Louis, I. M. & S. Ry. Co.* v. *Marshall,* 74 Ark. 597; *St. Louis, I. M. & S. Ry. Co.* v. *Coolidge,* 73 Ark. 112.

For the errors indicated the judgment is reversed, and cause remanded for new trial.