## W. R. Morris and Company v. Southern Shoe Company.

### Decided December 15, 1906.

**1.—Trial of the Right of Property—Execution of Contract—Proof.**

In a suit for the trial of the right of property the court admitted in evidence, without proof of its execution, a contract between the claimant of the property and the purchaser, in which it was stipulated that the title in the property should remain in the claimant until the goods were paid for. Held, error.

**2.—Deposition—Failure to Answer in Detail.**

Failure of a witness to answer in detail and specifically a cross interrogatory, the evidence being material, is cause for suppressing the deposition; and this whether or not the witness intended to evade the answer.

**3.—Deposition—Lost Exhibit—Copy.**

An original bill of lading attached as an exhibit to a deposition became detached and lost. Held, a copy of such bill of lading was not admissible in evidence without proving its execution or showing that the deposition had been duly substituted.

Appeal from the County Court of Johnson County. Tried below before Hon. J. D. Goldsmith.

*Bledsoe & Bledsoe* and *H. P. Brown,* for appellants.—Before the contract alleged to have been executed by S. Schwartz with the Southern Shoe Company was admissible in evidence it was incumbent upon the Southern Shoe Company to prove the execution of said contract by the said S. Schwartz. Sanger v. Jesse French Piano Co., 52 S. W. Rep., 621-622; Western U. Tel. Co. v. Bertram, 1 Texas App. Civ., 654; Dennis v. Sanger, 39 S. W. Rep., 997; Staples v. Word, 48 S. W. Rep., 751; Ballard v. Perry, 28 Texas, 366; Kennedy v. Upshaw, 64 Texas, 419.

The court erred in overruling and in not sustaining defendant's motion to quash, and in not quashing the deposition of the witness H. L. Willis. New York, T. & M. Ry. Co. v. Green, 90 Texas, 261-263; Houston & T. C. Ry. Co. v. Shirley, 54 Texas, 125; Lee v. Stowe, 57 Texas, 450; Coleman v. Colgate, 69 Texas, 88; Texas & N. O. Ry. Co. v. Crowder, 70 Texas, 222.

The court erred in admitting in evidence the purported copy of "Exhibit B" to the deposition of the witness Kennedy. Wade v. Work, 13 Texas, 483; Low v. Tandy, 70 Texas, 749; Harrison v. Hawley, 26 S. W. Rep., 765; Watson v. Winston, 43 S. W. Rep., 852.

RAINEY, Chief Justice.—This is an action for the trial of the right of property. Appellee sued one Stichler to recover 240 pairs of shoes, which were sequestered by appellee, and appellants filed a claimant's oath and bond, claiming the shoes as their property. Issues were tendered by the Southern Shoe Company, appellee herein, in which appellee claims the ownership of said shoes by virtue of a contract with one Schwartz, by the terms of which the shoes were turned over to said Schwartz as bailee, he to hold the same subject to appellee's order and not sell the same until paid for. That Schwartz never paid for said shoes but fraudulently disposed of them to defraud the appellee.

Appellants answered that they bought the shoes paying value therefor without notice or knowledge of the fraud of Schwartz, and that they are the *bona fide* owners of same.

The court admitted, over appellants' objections, the contract purported to have been entered into between appellee and Schwartz. Appellants' bill of exception shows the contract, the grounds of objections to its introduction and the testimony given to show its execution. Said bill is as follows:

"Be it remembered that on the trial of the above stated and numbered cause, the defendant offered in evidence a contract purporting to have been signed by S. Schwartz, ordering a lot of shoes, which said contract is as follows:

"'June 24, 1898.

" 'I (or we), the undersigned, hereby order the goods and merchandise as appears in the list below, and at the prices named, and direct that the same be shipped to S. Schwartz at Waxahachie,————Insure ————and ship on or about September 20.

" 'This order is made subject to the printed 'Terms and Conditions' herein, which I (or we) accept, and attest by————signature on the bottom of this order.

" 'NOTICE.—Our agents are not authorized to collect, unless on written authority from us.

Southern Shoe Company, Waco, Texas.<br>Wholesalers and Manufacturers.'

Order No. 149.

" 'TERMS AND CONDITIONS.—It is expressly understood that this bill of goods is to be paid for, cash, on receipt of same and payment for goods to be made at the office of Southern Shoe Company, Waco. That the undersigned may have the right to take said goods into his or their storehouse for inspection, but that undersigned are expressly prohibited from selling or offering for sale any of the goods herein ordered, unless he or they have first paid for same, but shall hold said goods as bailee of Southern Shoe Company, free from all charges, packed and subject to the order of Southern Shoe Company. And it is further agreed that should the undersigned fail or refuse to accept the goods herein ordered and pay for same, on the terms and conditions above stipulated then said Southern Shoe Company are authorized to take charge of said goods and sell the same within a reasonable time at private sale, for cash, and should there be any loss by reason of such sale, then the undersigned agrees that the same shall become due as liquidated damages, and payable at Waco, Texas, and if same is placed in the hands of an attorney for collection, undersigned further agree to pay ten percent attorney's fee for collection. Southern Shoe Company are not to be held responsible for delays which may be caused by strikes or other matter beyond their control. This order is subject to approval of Southern Shoe Company.' "

Here follows in said contract a large itemized list of shoes, and at the end, the following signature, to wit:

"Signature of purchaser, S. Schwartz."

"The defendant objected to the introduction of said contract on the following grounds: 1st. Because it was not shown and there was no testimony showing that said contract was signed by S. Schwartz. 2d. Because there was no evidence that S. Schwartz whose name purported to be signed to said contract ever signed the same, or authorized his name to be signed thereto. 3d. Because there was no proof of the authenticity of the signature of said S. Schwartz to said contract, or that same was the contract of S. Schwartz. 4th. Because it was not shown that said contract was executed by said S. Schwartz, or any one authorized by him.

"In this connection the witness F. C. Conner testified: 'I do not know S. Schwartz of Waxahachie personally, but had correspondence with him through the mails. I do not know that I am familiar with S. Schwartz's signature. I never saw him write any himself. I have had business dealings with a man who signed himself as and purported to be S. Schwartz. I addressed letters to S. Schwartz and received replies thereto signed S. Schwartz.' The court overruled the objections above stated of the defendant to the introduction of said contract, and permitted said contract to be read to the jury to which the defendant then and there excepted, and here and now presents this his bill of exception and asks that the same be approved and signed by the court, which is accordingly done.

"Examined, approved and ordered filed as a part of the record in this case.

J. D. Goldsmith, County Judge."

The court erred in admitting said instrument as the evidence was not sufficient to prove its execution, which was necessary. (Sanger v. Piano Company, 52 S. W. Rep., 621.)

The overruling of appellant's motion to quash the depositions of appellee's witness, H. L. Willis, is assigned as error. Willis' answer to cross interrogatory 2 does not specifically answer the interrogatory, and his answer to cross interrogatory 7 does not state in detail, as the interrogatory required, what he knew of his own knowledge, what he learned from his books and what he learned from his driver. The probative force of his evidence depended upon what he knew himself, and that part that was hearsay was not legitimate, and the appellants were entitled to have direct answers to these interrogatories as far as could be given, and it is immaterial whether or not the witness intended to evade answering the interrogatories. The evidence sought to be elicited by said interrogatories was material, and the failure to answer them renders the depositions incompetent on motion to suppress and the motion should have been sustained. (New York, T. & M. Ry. Co. v. Green, 90 Texas, 257-263.)

The court erred in admitting a copy of a freight bill, as shown by the following bill of exception:

"Be it remembered that on the trial of the above styled and numbered cause, at a regular term of said court, to wit, on the 5th day of October, 1905, the plaintiffs were offering in evidence the depositions of J. C. Kennedy, taken before C. M. Supple on December 14, 1900, and therein had propounded to him, the said Kennedy, among other things, the following portion of interrogatory number 2: 'State whether or not there

is among the records of your railway company a freight bill number 27105 to S. Schwartz, Waxahachie, Texas, for 9 packages of shoes and shirts one package to follow, of date October 20, 1898?' If yes, then attach same to your deposition in answer to this interrogatory and mark it 'Exhibit B.' To which said interrogatory the said witness had answered as follows: 'Yes, there is such a freight bill among the records of the Central Texas & Northwestern Railway Company. I have handed this freight bill to the notary public and have marked it Exhibit B, and have requested the notary taking my deposition to whom I handed same to attach same to my deposition and make same a part of my deposition, which he did. The use and purpose of a freight or expense bill is a record of all freight arriving at a particular place and such bills are a receipt to the railway company from the consignee of freight delivered. Eagle & Company received this freight bill, who were then and have been since, draymen at Waxahachie. Eagle & Company did the draying for S. Schwartz during the fall of 1898, and were authorized by S. Schwartz to receive his, Schwartz's freight from said railway company.' That when said answer as above was read to the jury said freight bill testified to as being a part thereof and marked 'Exhibit B' was not attached thereto, and the plaintiff thereupon offered in evidence the following purported copy of said freight bill: 'Exhibit B. Houston, Texas, Texas Central freight bill No. 27105. Issued to Waxahachie, Texas, to S. Schwartz for 9 packages of shoes and shirts. One to follow. Dated October 20, 1898. Received by Eagle & Company for S. Schwartz.' To which purported copy of said exhibit and its introduction in evidence the defendant then and there objected for the following reasons: Because said copy is not shown to be a true copy of said original bill. Because the loss of said original freight bill is not shown and there is nothing to show that said original freight bill could not be found by the use of ordinary diligence. Because said purported copy has never been substituted as is provided by law for the substitution of lost papers. Which objections were by the court overruled and plaintiffs were permitted to read said purported copy of said freight bill in evidence before the jury, to which action and ruling of the court the defendant then and there excepted and now presents this bill of exception and requests that same be signed and filed as a part of the record in this case, which is accordingly done.

"Examined, approved and ordered filed as a part of the record in this case.

J. D. Goldsmith, County Judge."

The following was appended to the bill but was not signed by the judge, to wit: "Explanation.—At a former term of this court the entire deposition of J. C. Kennedy was substituted by plaintiff together with the exhibits. After the substitution had been made the lost depositions were found. The exhibit introduced in evidence was not found in the deposition of Kennedy when the deposition was found. The court admitted the substituted exhibit because it had been substituted at a previous term of this court, under allegations that it had been lost, etc., and under proof of loss of original."

In order for the copy of the bill of lading to be admissible it was

necessary to prove its execution, or show that it had been duly substituted. The explanation appended to the bill of exceptions not having been signed by the judge is of no force, and the statement therein that the original bill of lading had been lost and this was a substituted copy can not be considered.

The assignments of error complaining of the court's charge relative to the contract between the appellee and Schwartz will not probably arise on another trial, as they were predicated upon said contract being rightfully admitted.

If said contract is duly established then the result of the suit will depend upon the bona fides of appellants' purchase.

For the errors stated, the judgment is reversed and cause remanded.

*Reversed and remanded.*