# CHARLESTON

FIELDER *v.* CAMP CONSTRUCTION CO.

Submitted January 28, 1908.   Decided February 4, 1908.

PRINCIPAL AND AGENT—*Evidence of Agency.*

Agency may but need not be proved by direct and positive evidence; it may be shown by the habit and course of dealing between the parties, evincing either an original appointment or a subsequent and continued ratification of the acts done.   (p. 461.)

Appeal from Circuit Court, Mercer County.

Bill by Charles W. Fielder against the Camp Construction Company.   Decree for plaintiff.   Defendant appeals.

*Affirmed.*

HALE & PENDLETON, for appellant.

C. R. McNUTT, for appellee.

MILLER, JUDGE:

Jurisdiction in equity upon attachment was invoked by plaintiff, under section 1, chapter 106, Code, among other things providing that "attachment may be sued out in a court of equity for a debt or claim legal or equitable, whether the same be due or not upon any of the grounds aforesaid; * * * provided, that an attachment shall not be sued out against a foreign corporation for a debt not due upon the ground alone that it is a foreign corporation." One

of the grounds of attachment provided in said section is that the defendant or one of the defendants is a foreign corporation. The plaintiff's demand is for balance of account past due against the defendant for use of an engine and for tunnel timber furnished, amounting to $441.55. The bill, after describing the origin and amount of this claim and the balance due, refers to the affidavit and attachment, with recital of the proceedings thereon—both the bill and affidavit charging, as a basis of jurisdiction in equity, that the defendant is a foreign corporation. The defendant demurred to and answered the bill at the same time, which demurrer on final hearing was overruled. The answer admits the defendant is a foreign corporation, but denies it owes the plaintiff the claim sued for or any part thereof. The plaintiff proved by his own and the depositions of sundry other witnesses the correctness of his account. His evidence seems complete and adequate in every particular. There was a decree for the plaintiff for the full amount of his claim, and the defendant appeals.

The first of the two points argued here, which seem to be wholly without merit, is that, the claim sued on being a legal demand, a court of equity is without jurisdiction—a point completely answered by the provisions of the statute quoted. But it is argued that, as section 2322, chapter 54, Code 1906, provides that " every railroad corporation doing business in this state under the provisions of this section, or under charters granted or laws passed by the state of Virginia or this state, is hereby declared to be, as to its works, property, operations, transactions and business in this state, a domestic corporation, and shall be so held and treated in all suits and legal proceedings which may be commenced or carried on by or against any such railroad corporation, as well as in all other matters relating to such corporations," if it is a fact that the defendant is a foreign railroad corporation, it could not, by virtue of the above statute relating to attachment, be proceeded against as in this case. We need not respond to this hypothetical proposition, for the record presents no foundation for it. No such defense under the statute is presented. It is not pretended in the answer, admitting its foreign situs, that it is a railroad corporation. Besides, the evidence shows to a legal certainty that it is simply a con-

struction company, engaged as contractor in building a part of the Deepwater railroad, wherefore the statute in question can have no possible application.   But, if any such defense was available, the matter of it, not appearing on the face of the bill, would have to be brought on the record by proper plea in abatement filed at the proper time, as provided by section 16, chapter 125, Code, which was not done in this case.

The second point is that the plaintiff failed to prove his claim.   We have already indicated our conclusion on the sufficiency of the proof.   The sufficiency of the evidence to establish the agency of Graham, and his authority to make with the plaintiff the contract under which this claim arose, is challenged.   Authorities are cited for the proposition that the burden of establishing this agency was upon the plaintiff. This proposition is undeniable; but how may this be done? It is not necessary that the fact of agency be proved by direct and positive proof.   It may be done in many other ways.   It may, for example, be shown by the habit and course of dealing between the parties.   "This may be such as either to show that there must have been an original appointment, or a subsequent and continued ratification of the acts done; but in either case the principal is equally bound. Having himself recognized another as his agent, factor or servant, by adopting and ratifying his acts done in that capacity, the principal is not permitted to deny the relation to the injury of third persons who have dealt with him as such." 2 Greenleaf on Ev., section 65.   To the same effect is 1 Am. & Eng. Enc. L. 968.   In this case, besides the contract in writing of defendant with plaintiff, to which its name was signed by Graham, acting as its superintendent and general manager, and the dealings of the parties thereunder, the evidence shows that Graham hired and discharged the men engaged upon the work, his control and supervision over the men and the work, the receipt of the timber furnished by the plaintiff and the use thereof by the defendant in the work, payment by defendant on account, use by the defendant of the plaintiff's engine, and other facts, establishing beyond any question the agency and authority of Graham in the premises, binding the defendant for his contract with the plaintiff.   As said by this Court in *Ruffner* v. *Hewett*,

7 W. Va. 585: "An agency may be created by express words or acts of the principal. or it may be implied from his conduct and acquiescence. The nature and extent of an agency may be implied and inferred from circumstances."

We therefore affirm the decree.

*Affirmed.*