# CHARLESTON.

## WOODRUM HOME OUTFITTING COMPANY *v.* ADAMS EXPRESS COMPANY.

Submitted January 24, 1922.    Decided January 31, 1922.

1. DEPOSITIONS—*Notice to Joint Stock Association by Service Upon Auditor Held Insufficient.*

    Notice to a joint stock association, not incorporated, nor having complied with the statute of this state relating to non-resident corporations doing business in this state, to take depositions, served upon or accepted by the auditor as attorney in fact, not appointed by such association, amounts to no notice, and depositions taken solely upon such notice and without appearance should be suppressed. (p. 163).

2. EVIDENCE—*Unidentified Receipts by Express Company Held Incompetent in Action for Loss of Goods.*

    Papers purporting to be receipts by an express company for goods to be transported, but not identified in any way as the re-

ceipts of the carrier or executed by it or its agent or one in charge of its business, are not competent evidence to go to the jury on the question of the actual delivery of the goods to the carrier, so as to charge it with the loss or miscarriage thereof. (p. 164).

3.  SAME—*Hearsay Evidence of Employees of Shipper Held Incompetent in Action for Loss of Goods..*

The testimony of employees of a shipper of goods as to what other employees have reported to them in regard to goods delivered to a carrier, unaccompanied by any evidence of those having knowledge of the actual delivery thereof to the carrier, is incompetent and should be rejected on the trial of an action against the carrier for loss or miscarriage of the goods. (p. 165).

4.  TRIAL—*Exclusion of Evidence of Plaintiff Held Properly Denied Where Partly Competent Though Alone Insufficient to Justify Verdict.*

A motion to exclude all the evidence of plaintiff when some of it is competent and legal, though not alone sufficient to justify a verdict in his favor, should be overruled if it appears that sufficient evidence probably exists, but by some misapprehension of law the plaintiff has omitted to produce existing evidence sufficient to make out his case before the jury, and he should by some appropriate method be given an opportunity to supplement the evidence adduced by existing evidence necessary to support a verdict and judgment in his favor. (p. 165).

Error to Circuit Court, Kanawha County.

Action by the Woodrum Home Outfitting Company against the Adams Express Company, brought before a justice. Judgment for plaintiffs was affirmed on appeal to the intermediate court, and after denial of an appeal by the circuit court an appeal was awarded by the Supreme Court, and defendant brings error.

*Reversed and remanded.*

*Fitzpatrick, Campbell, Brown & Davis, C. W. Strickling,* and *R. D. Campbell,* for plaintiff in error.

*John A. Parsons* and *J. Raymond Gordon,* for defendant in error.

MILLER, JUDGE:

In an action begun before a justice for the value of goods alleged to have been lost in transit, plaintiffs in the justice's court and again on appeal in the Intermediate Court of Kanawha County, obtained a judgment against defendant, the judgment on the appeal being for $282.65, instead of $232.01, the amount of the judgment rendered by the justice. The circuit court having denied defendant an appeal, an appeal was awarded it by this court, to test the correctness or incorrectness of the rulings and judgments complained of.

The first of the points of error assigned is the denial of defendant's motions to suppress the depositions of the witnesses J. R. Pugh, Mrs. A. M. Welford, and Arthur F. Hawkins; the depositions of the first two of these witnesses showing non-delivery of two shipments from plaintiffs to them, and the latter showing delivery to defendant of a consignment of goods to plaintiffs in September 1917.

The grounds of the motions to suppress were the want of legal and proper notice to defendant of the taking of these three sets of depositions. The only notices attached to these depositions were two acceptances of J. S. Darst, Auditor, and an acknowledgment signed by him that notice had been served on him. These motions were supported by the affidavit of C. W. Strickling, attorney for defendant, to the effect that defendant was not and never had been a corporation, but was an unincorporated association of individuals, naming the persons, that as such it had never complied with the laws of West Virginia with reference to non-resident corporations doing business in this state, and that it was a joint stock association in the hands of the persons named as trustees, and that since July 1, 1918, it had not done any business in this state. Moreover, the process and pleadings show that defendant was sued as a joint stock association, and not as a corporation. No evidence was offered by plaintiffs to controvert the facts alleged in the affidavit. We think the motions should have prevailed, and that the trial court erred in overruling them. The depositions related to vital issues in the case, namely, the delivery to and non-delivery of the

goods by defendant; and defendant was entitled to legal and proper notice. The process bringing the suit was served by an officer on the agent in charge of defendant's office in Kanawha County; and it is difficult to understand why the notices to take depositions were not served in the same way, or on counsel of record for the defendant, which would have been lawful. Section 36, chapter 50, and section 3, chapter 121, of the Code. The only authority of the auditor relating to process and notice, relates to corporations which are corporations in fact and are doing business in this state. Section 24a. (1), chapter 54 of the Code; *Leiter* v. *Fire Engine Company,* 86 W. Va. 599; *Vance* v. *Pullman Company,* 160 Fed. 707.

The second point of error is that the trial court erroneously admitted in evidence over defendant's objection certain papers purporting to be receipts of the defendant for the goods alleged to have been lost or unaccounted for. While these papers were written on printed blanks such as are usually used by express companies, they were introduced in connection with the evidence of plaintiffs' clerk, who had not delivered the goods to the express company, nor packed them, and did not know anything about the contents of the packages except as reported to him. All he knew, if he knew anything, was what he said plaintiffs' books showed, and that the drayman who was supposed to have transferred the goods from plaintiffs' place of business, had returned the receipts to plaintiffs. There was no attempt to otherwise identify these receipts with the receipts, if any, actually given; nor was there any proof of the agency of the persons whose names were signed to the receipts, or that the persons were at the time in charge of defendant's place of business. Nor was there any proof of the circumstances or manner of conducting the business of defendant. Instruments of this kind do not prove themselves, nor the agency of the persons signing them. They must be identified as genuine, and the agency proven independently of the papers themselves, as in the case of other writings. *Fielder* v. *Camp Construction Co.,* 63 W. Va. 459; *Williamsport Hardwood Lumber Co.* v. *B. & O. R. R. Co.,* 71 W. Va. 741. And this rule of evidence

applies with equal or greater force to bills of lading, when offered in evidence. *Hill* v. *Adams Express Co.,* 74 N. J. L. 338; *W. R. Morris & Co.* v. *Southern Shoe Co.,* (Texas), 99 S. W. 178; *Cunard S. S. Co.* v. *Kelley et al.* (C. C. A.), 115 Fed. 678; 22 C. J. 929; *Southern Express Co.* v. *Hill,* 81 Ark. 1.

A third point is that the court erroneously allowed the witnesses Gentry and Garnett to give evidence of the contents of the outgoing shipments, which as to them was for the most part hearsay. Of course what other employees informed them as to the contents of the packages of which they had no personal knowledge, was not evidence. However they gave evidence of the manner of doing business, that shipments were reported to them by other employees charged with such duties, and were delivered to the drayman, facts as to which they might properly testify; but these facts would amount to nothing unless connected with proof of the actual delivery of the goods to the defendant and receipt on its behalf by authorized agents.

The next two correlative points relied on are that the trial court erred in overruling defendant's motions to strike out all the evidence of the plaintiffs and direct a verdict for it, and to set aside the verdict and enter an order of dismissal.

Not all of plaintiffs' evidence was improper. But as we have indicated, much of it, especially the depositions, was improper and should have been excluded. But all that remained was insufficient to sustain a verdict for plaintiffs. Here, however, we can see that sufficient evidence may, and likely does exist, and which, if produced, would entitle plaintiffs to a recovery. Should we then, as requested, on reversing the judgment, dismiss the action without giving plaintiffs an opportunity to make out their case if they can do so? Such is not the practice when, as in this case, there has been by misapprehension of law an omission to deduce existing evidence to make out a case. *LaBelle Iron Works* v. *Quarter Savings Bank,* 74 W. Va. 569; *Cook* v. *Raleigh Lumber Co., Id.* 503; *Peabody Ins. Co.* v. *Wilson,* 29 W. Va. 528; *Schwenck*

v. *Hess,* 84 W. Va. 111; *Harrison* v. *Harman,* 85 W. Va. 538, 545. So we must overrule this point of error also.

It follows as a necessary conclusion that the last point of error, namely, the refusal of the trial court to set aside the verdict and award defendant a new trial, must be affirmed. We have decided that plaintiffs by legal and competent evidence failed to make out a prima facie case in the several particulars indicated, and that the judgment must be reversed, the verdict set aside, and the defendant awarded a new trial.

*Reversed and remanded.*