SOUTHERN LIFE INSURANCE COMPANY v. ROBERTS.

Opinion delivered May 2, 1927.

1. INSURANCE—BURDEN TO SHOW RELEASE.—In an action on a life insurance policy, the burden of proof was on the defendant to show a valid release by the beneficiary.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In an action on a life insurance policy, in which the defendant pleaded a compromise and settlement, the verdict for the plaintiff on correct instructions, and supported by a substantial testimony, will not be disturbed.

3. TRIAL—SPECIAL FINDING—DISCRETION OF COURT.—Whether a jury shall be required to make a requested special finding is within the sound discretion of the trial court.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; affirmed.

*John L. Crank,* for appellant.

*Opie Rogers,* for appellee.

KIRBY, J. Appellee, the beneficiary, brought this suit upon a $1,000 policy, No. 496, Circle B, issued by the appellant company, insuring the life of her husband, Thomas I. Roberts, and prayed judgment in the amount of the policy, and damages and attorney's fees. The insurance company answered, denying any indebtedness upon the policy, alleging that it was voided because of misrepresentations and warranties made in the application about the insured's health, that only about $400 was due under its terms in any event, and pleaded a compromise and settlement for $100, exhibiting the release therefor.

The jury returned a verdict for $391.73, the amount conceded to be due under the policy, if valid, and from the judgment this appeal is prosecuted.

The testimony tended to show that the insurance adjuster, after proof of the death was sent in, came to see the appellee and told her that he had been sent by the company to take up the papers, which he claimed were worthless, as Mr. Roberts had misrepresented the condition of his health in the application for the policy, denying that he had had epilepsy, when the proof of death showed that he had died from that disease. He told her that the policy was void on that account, and the company did not owe her anything, but that it would pay her $100 in settlement to avoid a lawsuit about it.

The appellee insisted that her husband was in good health at the time the application was made, had never had any fits or spells before that time, and that the condition had developed afterward from blood poison. She stated the adjuster told her that the company had made a thorough investigation and had found out that the insured was in bad health at the time he took it out, and that the company did not owe her anything on the policy; and further, "You said" (the adjuster who had made the settlement was the attorney examining the witness) "they told you in black and white there not to give me anything; you said it would take one hundred dollars to

fight it out in a lawsuit, and you would rather give me the one hundred dollars than to fight it out.''

Witness was much distressed mentally, and did not know what to do, and the adjuster fixed up the papers, which she did not read, took the policy, threw a check or draft into her lap, and went away. The check was never cashed.

Several witnesses, two physicians, one the family physician of the deceased, testified that he had had no spells indicating epilepsy until after 1919, the application for the insurance having been taken out before that time, when he suffered a severe attack of blood poisoning.

The appellee stated that insured had never had any attack of any kind at all before the insurance was taken out, nor until after the blood poisoning; that thereafter he had mild spells, which increased in severity until he finally died with epilepsy, as shown in the proof of death.

The etiology of this disease is that it is hereditary, and that a great majority of the cases (perhaps 80 per cent.) develop in childhood.

No complaint is made of the court's instructions to the jury, and, since the burden of proof was on the appellant company to show a valid release, and the jury had found against it upon correct instructions, the verdict will not be disturbed, since it is supported by some substantial testimony.

No error was committed in not requiring the jury to make the special finding of facts requested. This was a matter within the sound discretion of the trial court, and it alone could properly judge of the expediency of it, and nothing in the record indicates an abuse of such discretion. *Little Rock & Ft. Smith Ry. Co.* v. *Pankhurst,* 36 Ark. 371.

We find no prejudicial error in the record, and the judgment is affirmed.