## J. E. Wootan v. James Partridge.

### Decided May 6, 1905.

**1.—Trial—Court Admonishing Jury to Agree.**

Where the judge, after the jury had reported that they could not agree, announced to them that it was expensive to litigants and the courts for juries to fail to agree, and ordered them to retire, admonishing them to agree upon some sort of a verdict, this was prejudicial error, the jury having thereupon returned a verdict not authorized by the pleadings.

**2.—Verdict not Authorized by Pleading.**
    Where the action was on a note, and the defense was that it was given for a jack sold upon false representations, a verdict that plaintiff receive back the jack and cancel the note was unauthorized by the pleadings.

Appeal from the County Court of Haskell. Tried below before Hon. D. H. Hamilton.

*H. G. McConnell,* for appellant.

*Thomason & Thomason* and *J. H. Milam,* for appellee.

CONNER, CHIEF JUSTICE.—This action was originally instituted by appellant in a Justice's Court of Haskell County, against the appellee, to recover the principal, interest and attorney's fees upon a note for $100, dated April 30, 1903, and due September 1, 1903. The trial in the Justice Court resulted in a judgment for appellant, whereupon appellee appealed to the County Court. Appellee defended in the County Court on the ground that the note sued upon had been given for the purchase money of a jack, which proved to be other than as represented by appellant.

The County Court instructed the jury to find for appellant unless they should find from the evidence that appellant had made the material representations alleged, and that the same were false, in which event they should find for appellee. The jury returned the following verdict: "We, the jury, agree to give plaintiff his jack back; also cancel the note given by defendant to plaintiff for said jack, and each party to pay his half of costs of suit. This we agree upon as our verdict. J. F. Albin, Foreman," and judgment in accordance therewith was rendered.

It appears, from proper bill of exception, that, after the jury had deliberated upon their verdict some four hours, "they returned into open court, and, through their foreman, announced that they were unable to agree upon a verdict, and that they did not believe they could reach an agreement; and the jury, in its deliberations, stood three in favor of a verdict for the plaintiff and three in favor of a verdict for the defendant; whereupon the court announced to the jury that it was expensive to litigants and the courts for juries to fail to agree upon a verdict, and ordered the jury to again retire and consider of their verdict, and admonished them to agree upon some sort of a verdict and return it into court."

Appellant assigns as error the quoted instruction of the court, and also insists, under appropriate assignments, that the verdict was unauthorized by the pleadings, and that the verdict and judgment are insufficient in that no description of the animal therein mentioned is given, and that the judgment fails to award any process for its recovery; and we think the objections must be sustained.

Proper care on the part of trial courts to secure verdicts, rather than mistrials, is commendable, but we think the court's instruction in the present instance went too far, and the verdict evidences the fact that it was probably prejudicial. There was no pleading which authorized

such a solution of the controversy; the verdict was evidently a compromise, not in accord with the general charge of the court, and we have no means of knowing to what extent the jury may have been influenced by the charge.

We conclude that the judgment must be reversed and the cause remanded because of the errors indicated.

*Reversed and remanded.*.