DEMPSTER MILL MFG. CO. v. HUMPHRIES.    (No. 631.)

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1916.)

1. COURTS ⚙=185—JURISDICTION.

In a suit on a note and to foreclose a chattel mortgage, if an allegation of value is found by the appellate court to be insufficient to fix the jurisdiction of the county court, it would merely require a reversal of the case, and not a dismissal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⚙=185.]

2. TRIAL ⚙=329—VERDICT—RESPONSIVENESS TO ISSUES.

In a suit on a note and to foreclose a chattel mortgage on a pumping plant sold to defendant, where plaintiff's pleadings pray for judgment for the amount of secured note sued on and for foreclosure, and defendant pleads that the plant would not do the pumping agreed upon and prays that the record notes be canceled, that he have judgment for the amount already paid, the amount of a note given as collateral, and for foreclosure of lien, a verdict and judgment which did not pass upon plaintiff's cause of action, and giving defendant judgment for only $5 upon his cross-action and that plaintiff be given back his property, constituted reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. ⚙=329.]

3. TRIAL ⚙=313—INSTRUCTIONS.

The court erred in informing the jury, after they had retired to consider their verdict, and after they had been deliberating, in response to a question as to whether or not under the charge the jury could return a verdict giving the plaintiff the engine and pumping plant and the $305 paid by defendant, and giving the defendant the two notes he had executed and the collateral note he had deposited with plaintiff, that, generally, a jury could do whatever it wanted to do.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 730–746; Dec. Dig. ⚙=313.]

4. FRAUD ⚙=41—PLEADING—COMPLAINT.

A complaint for deceit must allege the false representations, their materiality, that the defendant was ignorant of their falsity, and that he was actually deceived thereby.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. ⚙=41.]

Appeal from Reeves County Court; Hon. Ben Randals, Judge.

Suit by the Dempster Mill Manufacturing Company against E. A. Humphries. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Buck & Fleming, of Pecos, for appellant. Harry MacTier and Ben Palmer, both of Pecos, for appellee.

HARPER, C. J. The Dempster Mill Manufacturing Company, a corporation, brought this suit upon two promissory notes, for the

balance due thereon, and for foreclosure of chattel mortgage lien for the unpaid balance, under substantially the following allegations: That plaintiff sold to defendant a Dempster irrigation pumping plant for the sum of $929.52 to be settled by the payment of the notes sued on, and that same was secured by chattel mortgage lien upon the machinery sold, and prayed judgment for the unpaid balance and for foreclosure of lien. Defendant answered by general demurrer and by special plea that he signed the notes sued on, and the instrument declared upon which plaintiff alleges to be a chattel mortgage, but that plaintiff represented to defendant at the time he signed same that the instrument alleged to be a chattel mortgage was merely a memorandum of the property sold; that he was overreached and by fraudulent representations induced to sign same not knowing that it was a mortgage, and with the understanding that the title to the property did not pass; and that plaintiff should come and get same if it did not successfully pump water from a certain well for irrigation purposes; that it did not work, and therefore the machinery was not purchased; that, at the time of the execution of the two notes sued on, defendant gave to plaintiff a note which he then held against one Harris for the sum of $285 as collateral security; that said Harris was solvent, but that plaintiff did not exercise diligence to collect same until barred by limitation, and therefore plaintiff became liable to defendant for said note, principal and interest in the sum of $427.50; that he paid plaintiff $255 on said notes; that said amounts, aggregating $682.-50, are now due defendant, and for which a lien exists upon the plant in question; and prays for judgment for said sum and foreclosure of lien. Plaintiff, by supplemental petition, denied the allegations in defendant's answer, and pleaded that defendant was estopped from denying the indebtedness by reason of the fact that he paid $305 on same at various times, and that due diligence had been exercised to collect the $285 note, but was unable to do so, and tendered same back to defendant.

The cause was submitted to a jury under general instructions, and the following verdict and judgment entered:

"On this, the 24th day of January, A. D. 1916, this cause was called for trial, and both parties appeared by their counsel and announced ready for trial, and thereupon came a jury of good and lawful men, to wit, S. M. Prewitt and five others, who were duly impaneled and sworn, and after hearing the pleadings read, and the evidence adduced, and the argument of counsel, and after having received the charge of the court, retired to consider of their verdict, and afterwards, on the 25th day of January, 1916, returned into open court the following verdict, which was received by the court, to wit: 'State of Texas, County of Reeves. Jan. 25, 1916. We the jury in cause No. 506 in Dempster Mills Mfg. Co. v. E. A. Humphries render the following verdict: Give defendant judgment for five dollars out of the three hundred and five

dollars paid to said Dempster Mill Mfg. Co., by E. A. Humphries and the return of the two notes and Harris note held by plaintiff to E. A. Humphries and the return of the engine pumping plant and fixtures to the Dempster Mill Mfg. Co., at Toyah, Texas. S. M. Prewitt, Foreman.',

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Dempster Mill Manufacturing Company, have and recover from the defendant, E. A. Humphries, the pump and all the machinery connected with the same, as described in plaintiff's petition; and that the defendant, E. A. Humphries, have and recover of and from the plaintiff, Dempster Mill Manufacturing Company, on his cross-action, the sum of $5, and he also recover the note given E. L. Harris, and more fully described in defendant's cross-action, and the notes described in plaintiff's petition, as given by the defendant, E. A. Humphries, be canceled and held for naught; and that the plaintiff recover of the defendant its costs in the main suit against the defendant; and that the defendant recover against the plaintiff the costs incurred by reason of the cross-action; and that the plaintiff have a writ of restitution for said pump and all the machinery and property described in its petition; and that each party have execution against the other for the costs recovered by them respectively."

From which an appeal is perfected.

Preliminary to passing upon the merits of the appeal, appellee urges that the appeal should be dismissed because the appellant failed to show jurisdiction in the trial (county) court by reason of the fact that it nowhere alleges the value of the property upon which lien is sought to be foreclosed.

[1] The only allegation in the petition which inferentially or otherwise alleges the value of the property upon which lien is sought to be foreclosed is that "defendant by an instrument in writing promised to pay the sum of $929.25 for the property." If this is not a sufficient allegation of value to fix the jurisdiction of the county court, it would merely require a reversal of the case, and not a dismissal. Reeves v. Faris, 186 S. W. 772. So, since the cause must be reversed and remanded because of the erroneous verdict and judgment, we make no holding upon the sufficiency of the allegation as to the value of the property to fix the jurisdiction of the trial courts.

[2] The appellant, by its first assignment, urges that the verdict and judgment are without basis in the pleading, evidence, or the charge of the court.

The plaintiff's pleadings pray for judgment for the amount of the notes sued on and for foreclosure of lien on the property sold. The defendant pleads and prays that by reason of the fact that the plant would not do the pumping agreed upon, the notes sued upon be canceled, that he have judgment for the amount already paid, and the amount of the Harris note and for foreclosure of lien, and it will be noted that the plaintiff's cause of action is not passed upon by the verdict nor the judgment, but, on the other hand, the defendant is given judgment for only $5 upon his cross-action, and that plaintiff is given back his property.

It is clear that this is such an erroneous

verdict and judgment as requires a reversal for a new trial. The plaintiff was, under the pleadings and evidence, entitled to judgment for the notes sued upon with foreclosure of its lien, or else the defendant was entitled to judgment upon his cross-action for the amount he had already paid, if not also for the amount of the Harris note transferred to plaintiffs, and that the property be retaken by plaintiff, and that plaintiff take nothing by his suit, and the verdict rendered and the judgment entered does not affirmatively adjudicate either. Wootan v. Partridge, 39 Tex. Civ. App. 346, 87 S. W. 356; Spiva v. Williams, 20 Tex. 442.

[3] The second assignment is:

"The court erred in informing the jury, after they had retired to consider their verdict, and after they had been deliberating for about two hours, in response to a question personally addressed to the court, after he had been called into the jury room by the jury, as to 'whether or not under the charge the jury could return a verdict giving the plaintiff the engine and pumping plant and the $305 paid by defendant, and giving the defendant the two notes he had executed and the collateral note he had deposited with plaintiff,' that, 'generally, a jury could do whatever it wanted to do,' because the said remark of the court improperly influenced the jury in arriving at the verdict at which they did arrive, as is more fully shown by plaintiff's bill of exception No. 11, taken in reference thereto."

This was error. Wootan v. Partridge, supra.

[4] The third is:

"The court erred in overruling and in not sustaining plaintiff's fifth special exception to defendant's answer and cross-action, which special exception was addressed to the third paragraph of said pleading, for the reason that said paragraph pleaded certain false representations as fraud, by way of defense to this action, and did not allege that the defendant relied upon and believed the said false representations to be true, and was induced thereby to make the said written instruments declared to have been obtained by fraud."

It must be sustained, because a complaint for deceit must allege the false representations, they must be material, that the defendant was ignorant of their falsity, and that he was actually deceived thereby; and the latter has not been complied with by the pleader. Carson v. Houssels, 51 S. W. 290.

For reasons given, the cause must be reversed and remanded, and it is so ordered.