## Gulf, Colorado & Santa Fe Railway Company v. Alice and Rogers Johnson.

### No. 1477. Decided November 24, 1905.

**1.—Railway—Public Crossing.**

A charge that a public crossing over a railway was not necessarily one maintained or constructed for the use of animals or vehicles or a street crossing, but any place generally used as a crossing for pedestrians, is incorrect, but not necessarily ground for reversal where the instructions impose only the duty of ordinary care to avoid injury; and not the use of precautions specifically prescribed by the statute for public crossings. (P. 340.)

**2.—Jury—Compromise Verdict—Charge.**

It was error, in response to an inquiry by the jury, after their failure for nearly two days to reach an agreement in a doubtful case, whether it was legal and right to make concessions in order to agree upon a verdict, to instruct them

that it was entirely lawful and proper to make concessions provided their verdict, as agreed to, was based alone upon the law as given in the charge and the facts as they found them from the evidence. (Pp. 340–342.)

**3.—Same.**

The law prescribes no rule for the court to lay down other than that involved in the oath of the jury "that they will a true verdict render according to the law and the evidence," and the question as to concessions which may properly be made to this end is not one upon which the court may instruct them. (P. 342.)

**4.—Evidence—Damages—Parent and Child.**

In an action by a parent and a minor son for their respective damages from injury to the person of the latter, it was error to admit evidence that the parent depended upon her work for a living; such evidence is only admissible in death cases and as affecting the probable pecuniary benefits to relatives which might have been expected from the life of deceased. (P. 342.)

**5.—Same.**

On the same principle, evidence was inadmissible, for defendant, in a suit by the parent for injury to her minor son, that she had another son who contributed to her support. (P. 343.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Alice Johnson, the mother, and Rogers Johnson, a minor, sued the railway company for their respective damages by personal injury to Rogers Johnson. Plaintiffs recovered judgment, defendant appealed and on affirmance, prosecutes writ of error.

The case upon a former appeal is reported in 98 Texas, 76; 42 S. W. Rep., 584; 43 Id., 583; 44 Id., 1067; 67 Id., 1040; 4 Texas Law Jour., 986.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—A public crossing is one that is generally used by the public for all purposes, and there is no difference between a public crossing over a railroad track and anywhere else, and to say, as the trial judge did in the fourth section of his charge, that it was not necessary that the same should be a crossing for animals or vehicles, was a misdirection as to the law and not a correct definition of a public crossing. In order for a crossing to be regarded as a public crossing it would be controlled by the same rule of law as though it were a road, and in order for the same to be public and to thereby impose upon the railway company the extra duties of a public crossing, the place so charged must be one that had been regularly and legally dedicated to the public under lawful authority, or had been so continuously used for such a great length of time as to give the general public a prescription right in its public use, and neither of these things appear in regard to the place where this accident occurred, even considering the same from the standpoint of the plaintiff's evidence. Sayles' Statutes, art. 4670; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 497; Lutcher & M. L. Co. v. Dyson, 30 S. W. Rep., 62; Cunningham v. San Saba Co., 1 Texas Civ. App., 480; International & G. N. Ry. Co. v. Jordan, 1 Ap. C. C., sec. 859; Breneman v. Burlington C. R. & N. Ry. Co., 60 N. W., 176; Louisville &

.N. Ry. Co. v. Survant, 27 S. W., 999; People v. Livingston, 27 Hun, 105; State v. Wolfe, 17 S. E., 528; Kennedy v. Williams, 87 N. C., 6; Martin v. People, 23 Ill., 395; Witter v. Harvey, 10 Am. Dec., 650; State v. Tucker, 36 Iowa, 485.

This charge was erroneous because it was an invasion of the province of the jury, and was in effect a virtual direction to the jury to return a compromise verdict, and was a direction to them to make concessions, which is contrary to our jury system, and is an invasion of that portion of the trial by the judge with which he has nothing to do.

The trial judge has no authority to direct a jury to do anything other than to try the case according to the law as given in charge, and the evidence that has been offered. As to their further method and procedure, it is not the province of the trial judge to direct, and an attempt to do so, as was done in this case, was erroneous and prejudicial.

The financial condition of Mrs. Alice Johnson had nothing whatever to do with the right of recovery herein, or with the amount to be recovered in case there was a liability, and it was a wholly immaterial inquiry to show her financial condition, as the fact that she was poor or rich, could neither add to nor take from anything she was entitled to recover herein, if there was any liability.

The defendant was entitled to any evidence showing the means of support of the plaintiff, Alice Johnson. Her right to recover herein was based upon the theory of support received and to be received from Rogers Johnson, she charging that he was her only means of support, and if it could be shown that this was not true, and that she had an elder son who had contributed to her support, same was material and would affect the amount to be awarded her herein.

*J. W. Moffett* and *A. M. Monteith,* for defendants in error.—The verdict of the jury and judgment of the court is fully supported and sustained by the law and the evidence herein, and the court did not err in so holding. Texas & P. Ry. Co. v. Phillips, 40 S. W. Rep., 346; Missouri, K. & T. Ry. Co. v. Johnson, 37 S. W. Rep., 771; H. & G. N. Ry. Co. v. Miller, 49 Texas, 322; Gulf, C. & S. F. Ry. Co. v. West, 36 S. W. Rep., 101; St. Louis & T. Ry. Co v. Crosnoe, 72 Texas, 80; Texas & N. O. Ry. Co. v. Wood, 24 S. W. Rep., 569; Texas & P. Ry. Co. v. Phillips, 37 S. W. Rep., 621; Houston & T. C. Ry. Co. v. Boozer, 70 Texas, 530; Galveston & H. Ry. Co. v. Moore, 59 Texas, 64; San Antonio & A. P. Ry. Co. v. Peterson, 49 S. W. Rep., 925; Gulf, C. & S. F. Ry. Co. v. Alice and Rogers Johnson, 42 S. W. Rep., 584; 43 S. W. Rep., 583; Gulf, C. & S. F. Ry. Co. v. Alice and Rogers Johnson, 91 Texas, 569; 67 S. W. Rep., 1040; Gulf, C. & S. F. Ry. Co. v. Alice and Rogers Johnson, Texas Law Journal, vol. 4, No. 9, p. 986.

In suits by parents for damages accruing from the death of an adult son, proof of their pecuniary condition is admissible. Wheeler v. Railway Company, 91 Texas, 356; Houston & T. C. Ry. Co. v. White, 56 S. W. Rep., 206; International & G. N. Ry. Co. v. Kindred, 67 Texas, 491; International & G. N. Ry. Co. v. Knight, 52 S. W. Rep., 640; Brunswig v. White, 70 Texas, 504; Houston & T. C. Ry. Co. v. Cow-

ser, 57 Texas, 293; Bonnet v. Galveston, H. & S. A. Ry. Co., 69 Texas, 72; Tiffany, Death by Wrongful Act, sec. 1713, note 115.

The additional instruction given by the court, complained of by appellant, was proper and is the law. A verdict in any civil action rendered by a jury based alone upon the law given them in the charge of the court, and the facts as found from the evidence in said cause, is a true and lawful verdict although it may be a compromise verdict or based upon concessions. The concessions or compromise, if any, made in this case, were in favor of plaintiff in error, and it should not be heard to complain. Thompson on Trials, 2 vol., secs. 2302, 2303; Thompson and Mariam, Juries, sec. 418, p. 521; Richardson v. Coleman, 131 Ind., 210; State v. Bybee, 17 Kan., 462.

WILLIAMS, ASSOCIATE JUSTICE.—Alice is the mother of Rogers Johnson, a minor, and they brought two separate suits, which were consolidated, to recover damages which they had sustained from a personal injury alleged to have been inflicted upon the boy through the negligence of the servants of plaintiff in error. The claim of plaintiffs was that Rogers Johnson was run over by the cars while he was crossing the track of plaintiff in error upon a path used as a footway by the public generally with the knowledge and consent of the railway company, and their evidence tended to sustain their claim.

The trial court gave this instruction: "It is not necessary that a crossing over a railroad track, in order to make it a public crossing, should necessarily be one maintained or constructed for the use of animals, or vehicles, or a street crossing, but any place which is generally used with the knowledge of the railway company, or its employes in charge thereof, by the public as a crossing for pedestrians, would be in law a public crossing; and if the place at which the said Rogers Johnson was injured had been prior to that time, and was being at that time, with the knowledge of the defendant, or its employes in charge thereof, used by pedestrians as a place of crossing said track, then it was a public crossing."

Other parts of the charge did not require of the defendant the observance, with respect to the place in question, of any of those precautions prescribed by law with reference to crossings such as it treats as public crossings, but left to the jury the question whether or not the defendant, in moving its cars across the pathway, had been guilty of negligence. In other words, the charge imposed upon the defendant only the duty which the law imposes of exercising ordinary care in passing such a place with its cars, and we are unable to see that the mere fact that the path was defined as a public crossing was injurious to defendant, or exacted of it more than was due from it with reference to the place as it was. We agree with the contention of plaintiff in error that the passway was not a public crossing in the sense that any measures of precaution which the statutes specifically prescribe were applicable to it, and on another trial this part of the charge might be omitted.

After the jury had considered the case for nearly two days' time without reaching an agreement they came into court and asked in-

structions upon the following question: "Is it legal and right for a jury, in case they have failed to agree upon a verdict in a case, to make concessions in order to agree upon a verdict?" in response to which the court gave this instruction: "Answering your question, will say that it is entirely lawful and proper to make concessions, provided, of course, your verdict, as agreed to, is based alone upon the law as given in the charge, and the facts as you find them from the evidence."

The testimony upon the material issues was sharply conflicting and a verdict in favor of either party would have been supported by sufficient evidence, so that the admonition given that the verdict must be based alone upon the law and the facts found from the evidence was but a slight qualification of the instruction that it was not only legal but proper for the jury, after they had failed to agree, to make concessions in order to agree upon a verdict. We do not, however, base our decision that the instruction was erroneous upon the state of the evidence, nor upon the mere wording of the charge, for in our opinion the subject is one upon which the court should not have undertaken to advise the jury at all. We find a number of cases in which similar instructions have been held erroneous, the opinions, for the most part, combating the truth of the legal proposition contained in them as to the propriety of jurors making compromises and concessions of their convictions. Richardson v. Coleman, 131 Ind., 210; Goodsell v. Seeley, 46 Mich., 623; Borden v. Irwin, 92 Pa. St., 345.

In the Indiana case the court uses the following language: "The law does not expect any compromise on the part of jurors. It expects every juror to exercise his individual judgment, and that when a verdict is agreed to it will be the verdict of each individual juror. In arriving at a verdict a juror should not indulge in any undue pride of personal opinion, and he should not be unreasonable or obstinate, and he should give due consideration to the views and opinions of other jurors, and listen to their arguments with a willingness to be convinced, and to yield to their views if induced to believe they are correct; but the law does not expect, nor does it tolerate, the agreement by a juror upon a verdict unless he is convinced that it is right—in other words, unless it is his verdict, a verdict which his conscience approves, and he, under his oath, after a full consideration, believes to be right. To say that jurors may compromise upon a verdict is to say that twelve jurors, all differing widely in their views as to what verdict ought to be returned, without any of them changing their views, may agree upon a verdict which is not believed to be right by any considerable number of the jurors, but agreed to as a matter of expediency in order to dispose of the case without the approval of the consciences of any considerable number of the panel approving of it." And in Goodsell v. Seeley, Judge Cooley says: "The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement. The sentiment or notion which permits this tend to bring jury trial into discredit and to convert it into a lottery. It was no doubt very desirable to the public and to the parties that the jurors should agree if they could do so without sacrificing

what any one of them believed were the just rights of the parties; but not otherwise."

These extracts show the views of those learned courts as to what the duty of jurors is in reconciling differences, and they only strengthen us in our opinion that the question is not one upon which the court may properly instruct or advise. The jury is taken by the law as the best instrumentality for the decision of questions of fact, because the judgments of twelve men, intelligently and conscientiously applied to the evidence in given cases, are deemed to be safer than would be the opinion of the judge; and therefore all questions as to what conclusions jurors should agree to consistently with the evidence and the law laid down by the court are necessarily addressed to their own judgments and consciences, and the law prescribes no other test. Courts may review the findings of juries to ascertain if they have been properly reached, but may not, in advance, influence the decision of questions of which the jury are the sole judges by instructions like that in question. The court can rarely know the state of each mind in a disagreeing jury, whether it is a sincere and conscientious conviction upon a question of fact or merely a frivolous or captious objection sustained by nothing but pride of opinion, and an instruction intended for the latter state of mind might often reach and sway the former. The fundamental objection to such instructions is that the law, in our opinion, prescribes no rule for the court to lay down except that the jury are to find in accordance with the truth as their judgments, honestly applied to the evidence, lead them to believe it to be; or, as their oath expresses it, "that they will a true verdict render according to the law and the evidence." What prepossessions or inclinations of mind a juror may surrender consistently with an intelligent and conscientious discharge of this duty is for him alone to determine, for the reason that it is his judgment the law seeks to obtain, and he should be left to form it uninfluenced by advice from the court.

Over the objection of the defendant the court admitted evidence to show that Mrs. Alice Johnson depended upon her work for a living. The decisions relied on to sustain this ruling were made in cases in which the plaintiffs sued for damages resulting from the death of relatives in which their rights of action and measure of damages consisted of the value of pecuniary benefits or contributions which they would have received from the deceased had they lived; and evidence of the necessity for such help arising from the poverty of the plaintiffs tended to show the probability that it would have been extended. International & G. N. R. R. Co. v. Kindred, 57 Texas, 598; Houston & T. C. Ry. Co. v. White, 56 S. W., 207; International & G. N. R. R. Co. v. Knight, 52 S. W., 641. But the rule is not the same in cases like this where the right of action and measure of damages are different. The mother's right was only to recover for the diminution in the value of the minor son's services during minority, with such expenses as may have been rendered necessary by the injury, and her poverty did not tend to show these things. Houston & G. N. R. R. Co. v. Miller, 49 Texas, 332; Missouri Pac. Ry. Co. v. Lyde, 57 Texas, 505; Missouri, K. &. T. R. R. Co. v. Hannig, 91 Texas, 349; and cases cited. More than that she

could not recover, whether rich or poor, for the right of action for all other damages resulting 'from the son's injury belongs to him.

The court erred in the admission of the evidence. It follows that there was no error in excluding evidence that Mrs. Johnson had another son who contributed to her support, as that fact could not affect the value of the injured son's services.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*