TEXAS CENT. R. CO. et al. v. DRIVER et ux. (No. 8396.)

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1916.)

1. TRIAL ☞350(6)—INJURIES TO PASSENGERS —SPECIAL ISSUES.

Where the railroad offered evidence that its train stopped a few hundred feet from the station for an intersecting train, and that the conductor told all passengers to keep their seats unless they were changing to such train, and put down the step and assisted such passengers to alight, and waited ten minutes for others to do so, and then removed the step and went up to talk to the engineer, whereupon plaintiff tried to alight and was injured, the railroad was entitled to submission of the special issue whether a very prudent person under the circumstances would have foreseen the plaintiff's act and her injury, since if the road employés exercising the highest degree of care could not have foreseen the result, the road was not liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830; Dec. Dig. ☞350(6).]

2. TRIAL ☞314(1) — CONDUCT OF COURT — COMMENTS.

Where the jury in a civil case announced that it was divided nine to three and could not agree, it was improper for the court to emphasize the difference between civil and criminal cases, as to deprivation of liberty and money judgments, thus minimizing the importance of the case on trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 472, 473, 747; Dec. Dig. ☞314(1).]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by E. D. Driver and wife against the Texas Central Railroad Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

C. C. Huff, of Dallas, J. B. Keith, of Stephenville, Spell & Sanford, of Waco, and A. H. McKnight, of Dallas, for appellants. E. E. Solomon, of Dublin, and Chandler & Pannill, of Stephenville, for appellees.

CONNER, C. J. Mrs. Willie Driver, joined by her husband, E. D. Driver, instituted this suit to recover damages for personal injuries to Mrs. Driver, alleged to have been proximately caused by the negligence of the railroad company at Waco, Tex., when and where Mrs. Driver was a passenger upon one of appellant's passenger trains. Briefly stated, it was alleged that when the train upon which Mrs. Driver was a passenger arrived at Waco, at which point the necessities of her further journey required her to alight, she attempted to get off the train, and that in doing so she fell to the ground and received the injuries specified in her petition. It was charged that the company was negligent in failing to provide a step placed upon the ground at the passenger coach upon which she might alight with safety, and also negligently failed to have any one stationed at the coach steps to assist her in alighting. The defendant pleaded the general denial and also that the plaintiff was guilty of contributory negligence in attempting to get off the train at the time and under the circumstances. The case was submitted to the jury upon special issues, in answer to which the jury found that the defendant was guilty of negligence as charged in the plaintiff's petition. They further found that Mrs. Driver was not guilty of negligence, and assessed her damages at the sum of $1,000, for which the judgment was rendered, and the defendant has appealed.

[1] A number of assignments of error have been presented, but we have found but two that, as we think, present errors for which the judgment must be reversed. Among other things, the defendant requested the court to submit the following special issues:

"Would the employés of defendants in the exercise of that degree of care and caution which a very prudent and cautious person would have exercised under the same or similar circumstances have foreseen that Mrs. Driver, under all the circumstances, and at the time and place in question, would attempt to alight from defendant's train and fall and be injured?"

The court submitted in general terms the issue of whether the plaintiff was guilty of a want of ordinary care at the time and under the circumstances in attempting, as she did, to alight from the train, but, as it seems to us, under the evidence the special instruction requested should have been given. The defendant was entitled to have presented in an affirmative form the issue, and the evi-

dence in behalf of appellant was to the effect that the train in stopping did so at a point a few hundred feet before it had reached the depot platform, because of the presence of a north-bound train; that when the train stopped upon which the plaintiff was riding, the conductor went through the train and informed the passengers generally that all persons who desired to take the north-bound train should then get off, but that others should remain where they were seated until the train pulled into the depot; that a number of passengers then did alight from the train, the conductor at the time going to the steps of the coach with a stool and assisted a number of passengers, who were desiring to take the north-bound train, to alight; that he remained at the steps for the purpose of assisting passengers to alight for some ten minutes, and until all passengers intending to do so, as he supposed, had alighted, whereupon he placed the stool upon the platform of the car and went forward to speak to the engineer; and that it was during such absence on the part of the conductor that the plaintiff came out of the coach and attempted to alight, as she did, with the step removed.

In determining whether or not the defendant was guilty of actionable negligence as charged, a necessary element was whether the employés of the defendant in charge of the train could have foreseen, by an exercise of the highest degree of care, whether Mrs. Driver would, under the circumstances, attempt to alight from the train. Unless they could have done so, it cannot be said that the negligence charged was the proximate cause of Mrs. Driver's injuries, and, as it seems to us, defendant's evidence raises this issue, and that therefore it was entitled to have the issue presented in its special request submitted. See T. & P. Ry. Co. v. Reed, 88 Tex. 439, 31 S. W. 1058; Washington v. M., K. & T. Ry. Co., 90 Tex. 314, 38 S. W. 764; Mex. Nat. Ry. Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075, 24 L. R. A. 642.

[2] The majority are also of the opinion that the court committed error, as assigned, in his remarks to the jury pending the jury's consideration. The remarks will not be set out in full, but, in substance, it appears that after the jury had retired and deliberated from 3 o'clock p. m. on July 27, 1915, until 9:30 o'clock on the next morning, at which latter time they reported to the court that they were unable to agree, and that interrogatories on the part of the court developed the fact that the jury stood nine to three, and that the jurors were divided "on everything in the case," including the issue of liability and the weight to be given to the testimony, the jury further stated that they had gone over the case several times, and that they did not think they could ever agree. The court thereupon submitted to the jury a number of remarks emphasizing the differ-

ence between a criminal and a civil suit like the one before them, stating that in the one case it was a question of dollars and cents, while in the other a man's liberty was at stake, etc. We are not agreed that of themselves the remarks indicated were sufficient to cause a reversal, but, as stated, the majority are of opinion that they gave too great an emphasis to the differences between a criminal and civil case and in their nature tended to minimize the importance of the issue in the case on trial; thus, perhaps, inducing a surrender of convictions on the part of one or more of the jurors that of right should not have been so surrendered. See G., C. & S. F. Ry. Co. v. Johnson, 99 Tex. 337, 90 S. W. 164; Pecos & N. T. Ry. Co. v. Finklea, 155 S. W. 612.

All other assignments of error are overruled, but for the errors indicated it is ordered that the judgment be reversed, and the cause remanded.