MISSOURI, K. & T. RY. CO. OF TEXAS v. BARBER. (No. 35–2684.)

(Commission of Appeals of Texas, Section A. March 5, 1919.)

1. TRIAL ⊂⟶314(1) — CONDUCT OF COURT — COERCION OF JURY.

In personal injury suit, in which testimony was sharply conflicting on material issue, keeping the jurors together from Thursday noon until Friday afternoon, after they had informed the court that they were unable to agree and asked to be discharged, and urging them to agree to avoid additional expense to the county, etc., requires reversal of the judgment.

2. TRIAL ⊂⟶314(1) — CONDUCT OF COURT — COERCION OF JURY.

While the trial judge is allowed considerable discretion in matters of keeping the jury together, he has no authority to insist upon an agreement in order to avoid additional expense to the county or personal inconvenience to jurors.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. D. Barber against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (163 S. W. 116), and defendant brings error. Reversed and remanded.

A. S. Coke and A. H. McKnight, both of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for plaintiff in error.

E. J. Smith, of Denison, and Freeman & Batsell, of Sherman, for defendant in error.

STRONG, J. This is an action by J. D. Barber against the Missouri, Kansas & Texas Railway Company of Texas for damages for personal injuries alleged to have been sustained by him while in the service of defendant company. The trial resulted in a verdict and judgment in favor of plaintiff, which was affirmed by the Court of Civil Appeals. 163 S. W. 116.

[1] The principal assignment of error is based upon the action of the trial judge in giving to the jury certain verbal instructions after they had reported that they were un-

able to agree and asked to be discharged. It is disclosed by the record that the jury retired to consider their verdict on Wednesday morning. They reported to the court at noon Thursday that they were unable to agree, and the court thereupon instructed them verbally substantially as hereinafter quoted, and sent them back for further deliberation. At adjourning time Thursday afternoon, the jury again reported to the court that they could not agree and again asked to be discharged. The court thereupon repeated in substance the verbal instructions given at the noon hour, which were as follows:

"The Court: Have you been able to agree yet?

"The Foreman: No sir.

"The Court: Now, in order to restate, as I did this morning—I know you gentlemen appreciate the importance of arriving at a verdict, and I appreciate the responsibility on you. The court is now, you see, where it can't turn a wheel. As I stated this morning, the only way we can transact business is through verdicts of the juries, because this is a jury case, and nobody but a jury can render a verdict. I have no power. I don't want the power of doing it. The law makes it your duty, and I think the law wisely leaves it with the juries. Now, I don't know—you see if you were to quit now and couldn't agree, we would have to get another jury at the next term of the court. I don't know whether we could get a better jury than you are or not. Now, I appreciate the fact that you have differences of opinion, and men of pronounced views and independent thoughts—they will have differences of opinion about a great many things. We very often agree, and generally agree, to disagree, but in this matter you all have to agree on something, or else, of course, if that is an impossibility, then I would have to discharge you. I don't feel that—you see you just took this case yesterday, I believe about 1:30 o'clock, and I don't feel like, with the great expense that it will be to try this case over—under the circumstances, I don't want to punish you, gentlemen; I sympathize with you. I know some of you probably want to be at home with your families and looking after your business, and I certainly sympathize with you in that respect. If I were to simply consult my sympathy, I would just simply tell you to go home and we would try it before another jury. Now, there is the right of the county and of the people to have verdicts, if it is possible. Of course, if you reach a point where you can't agree, can't get together, why, then, that is a different matter. I suppose you stand somewhat as you did this morning numerically.

"Foremen: Yes, sir; one change only.

"The Court: Now, as I said, I don't believe I ought to discharge you yet. I know you have been worrying over this matter all day, and I have an idea, if you all go home, and get a good night's rest, and get back here in the morning—it very often happens when people sleep over their troubles, or over their work, why, the next morning they may see things clearly that didn't appear so the evening before. Now, I want to say to you, gentlemen, that it is not my intention to try to force you into any verdict. I wouldn't have a right to do that, and I certainly wouldn't do it if I could. If I had a right to, I wouldn't force you to it against your best judgment; but the point has come to this now, that I think you are at the end of another day's work on the case, and yet you have only had about a day and a half consideration of it, and I am going to ask you to come back here in the morning, and take it up where you left off, and consider it again, and see if you can't get together on a proposition that you can all agree to in regard to a verdict."

On Friday morning the jury again retired to consider the case, and at noon again reported to the court that they were unable to agree, and requested to be discharged. The request was again refused by the court. Friday afternoon, about 4 o'clock, the jury reached an agreement and returned into court their verdict.

[2] The language used by the trial judge was clearly improper. Jurors should be allowed to pass upon issues submitted for their determination without having any matter pressed upon them for consideration, other than the evidence introduced upon the trial and the law governing same, given in the charge of the court. Personal consideration should not influence a juror in arriving at his conclusions, and should never be suggested to him as a motive for action. The trial judge is allowed considerable discretion in the matter of keeping a jury together until a verdict is reached, or until he is convinced that none can be reached; but he has no authority to insist upon an agreement in order to avoid additional expense to the county or personal inconvenience to the jurors. The judge in his remarks failed to impress upon the jury that, however desirable it might be to avoid a mistrial, an agreement should not be reached unless it represented the honest conviction of each juror upon the issues involved. The testimony upon the material issues in the case was sharply conflicting, and we think the language used, while no doubt prompted by an earnest desire to expedite the business of the court, was calculated to, and probably did, exert an improper influence upon the jury, depriving them of that freedom which the law contemplates they should exercise in reaching a verdict. Railway v. Johnson, 99 Tex. 337, 90 S. W. 164.

It is unnecessary to pass upon the questions raised by the other assignments, as they probably will not arise upon another trial.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.