## TEXAS MIDLAND R. R. v. BROWN. (No. 201-3270.)

(Commission of Appeals of Texas, Section A. March 16, 1921.)

1. Trial ⬅️314(1)—Judge's remarks to jury in refusing to receive report of disagreement held coercive.

Action of judge called in to hear report of jury in telling jury, after it had reported disagreement, that he had been called in to receive the verdict and not to discharge the jury without a verdict having been rendered, that he would not feel warranted in discharging them until a verdict had been reached, that the judge who had presided would be greatly disappointed if the jury failed to agree, that the purpose of the trial was to secure a verdict, and that without a verdict all the labor of the court was wasted, and that he made it a rule to keep the jury together until a verdict was reached, and that it should consider the case and do its best to arrive at a verdict in order that the labors of the court might not be· .

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wasted, *held* ground for reversal, being coercive.

**2. Trial ⬅➡299—Taking of jurors by place of accident held ground for reversal.**

In personal injury action, action of deputy sheriff in taking the jury for a walk after it had been sent back to reconsider case after report of disagreement and in passing the scene of the accident *held* ground for reversal, since the taking of the jurors by the place of the accident was in effect the introduction of further testimony.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Aubrey Brown, by next friend, against the Texas Midland Railroad. Judgment for plaintiff affirmed by Court of Civil Appeals (207 S. W. 340), and defendant brings error. Judgments of Court of Civil Appeals and of trial court reversed, and cause remanded.

S. W. Marshall, of Dallas, and Terry & Brown, of Terrell, for plaintiff in error.

B. Q. Evans, of Greenville, and W. A. Shields, of Eastland, for defendant in error.

TAYLOR, P. J. Defendant in error, Aubrey Brown, sued the Texas Midland Railroad, plaintiff in error, for damages for personal injuries. The jury returned a verdict in his favor, and judgment was entered thereon, which was affirmed by the Court of Civil Appeals. 207 S. W. 340.

Defendant in error was injured in unloading a car of coal placed by plaintiff in error on its spur track near a building owned by Reeves Manufacturing Company, located on the north side of Jordan street in the city of Greenville.

[1, 2] As we have concluded the judgment should be reversed and the cause remanded on account of remarks made by the district judge to the jury, and the action of the deputy sheriff in thereafter taking the jury for a walk by the scene of the accident, it is unnecessary to state further the nature of the suit.

The tenth, eleventh, twelfth, thirteenth, and fifteenth assignments complain of the remarks of the district judge and the action of the deputy sheriff in substance and effect as follows: The jury retired to consider their verdict about 3:30 o'clock on the afternoon of Friday, July 5th. About 6 o'clock p. m. the same day they reported they could not agree. It was ascertained by the court that they had agreed on liability, but could not agree upon the amount thereof. They were then excused until the following morning at 8:30 o'clock. On Friday night the judge who had presided during the trial was called away on account of illness of his father. Before leaving he requested the judge of a neighboring district to receive the verdict of the jury if they desired to report during his absence, stating that they had already agreed upon the question of plaintiff in error's liability. On the afternoon of July 7th (Saturday) the deputy sheriff advised the judge who was present for the purpose of receiving the verdict that the jury had requested that the court be called, in order that they might report that they could not agree. The deputy suggested to the judge that he "might lecture them a little, and it might enable them to arrive at a verdict, to which the court assented." The judge inquired, after the jury were before him, if they had agreed. On being told they had not, and that they did not think they could agree, he stated to them that the judge who had presided during the hearing of the case had not asked him to discharge them, but to receive the verdict; that he would not feel warranted in discharging them; that in his own court "he had made it a rule to keep the jury together until a verdict was reached," and felt he should be as strict while acting as judge for another as for himself; that he felt sure the judge who had presided would be greatly disappointed if the jury should fail to agree; "that the purpose of a trial was to secure a verdict when it was finished, and that without a verdict all the labor of the trial was wasted." The judge then suggested the following plan as a good one, and one that he had seen work before, resulting in a verdict's being returned after the jury had announced they could not agree:

"Go with the deputy sheriff for a 25 or 30 minutes walk. During this time forget all you have been doing, and trying to do, and just try to think about getting a good relaxation from the jury room, it being very tiresome to just remain as you have been doing since yesterday evening. * * * "

They were told further that they should do their best to consider the case and all the evidence, and to arrive at a verdict "in order that the labors of the court might not be wasted."

Counsel for plaintiff in error excepted to the statement made. The court in reply stated that there was nothing coercive in what was said to the jury, to which counsel for plaintiff in error responded, "Perhaps not."

The deputy sheriff, acting upon the suggestion of the court, took the jury for a walk. Complaint is made that in so doing he led the jury near the building of the Reeves Manufacturing Company, in full view of the scene of the accident.

To emphasize to a jury the disappointment of a judge if a verdict is not reached, and further to impress upon them the waste of the proceeding if no agreement be reached, could not but have the effect of in some measure coercing the jury and depriving them of

freedom of action. It was not within the province of the district judge to "lecture" a jury for something involving no misconduct upon their part. The remarks were unwarranted and prejudicial. Nor was the deputy sheriff within his province in concerning himself with the jury's being lectured. His action in thereafter taking them by the place of the accident was in effect to permit the introduction of further testimony.

The verdict should not, for· the reasons stated, be allowed to stand.

It is unnecessary to pass upon the numerous other assignments in the application.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that the cause be remanded for another trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

PIERSON, J., not sitting.