BALDWIN v. MORTON et al. (No. 584.)

Court of Civil Appeals of Texas. Eastland.
June 21, 1929.

Rehearing Denied Sept. 13, 1929.

Thomas & Shapard, of Anson, and Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Murchison & Davis, of Haskell, Davidson & Yeager, of Dallas, and F. L. Henderson, of Bryan, for appellees.

FUNDERBURK, J. Mrs. Kate F. Morton, widow and sole devisee of F. M. Morton, deceased, brought this suit against J. L. Baldwin, seeking to recover judgment upon three certain paving certificates. Subsequent to the filing of the suit, plaintiff died, and under proper orders the administrators of her estate have been substituted as parties. The only defense pleaded in answer to plaintiff's suit was that of payment. The payment was alleged to have been made in March, 1923, by means of a novation of the original obligations, in which transaction the defendant gave two notes, bearing date some time in said month of March, 1923, due January 4, 1924, one for the principal sum due on the paving certificates, with 10 per cent. interest to January 4, 1924, and the other covering past-due interest on the certificates and also interest on other indebtedness; the defendant's contentions with reference to the notes being that they were for about $2,600 and $400, respectively, the exact amount never being definitely fixed. The issue of payment

was submitted to the jury, and found in favor of the plaintiff. From the judgment based thereon, the defendant Baldwin has appealed.

■ The first question presented for our determination is whether or not the recitals in the paving certificates had the legal effect of dispensing with the necessity on the part of plaintiff to make proof of the existence of the necessary ordinances and other proceedings to show the levy of a valid and enforceable assessment and lien, and the provisions of same. Appellant seems to concede that, had the certificates contained proper recitations, the introduction of the certificates alone would be sufficient, under Rev. St. 1925, art. 1090. It is contended, however, that the recitals are deficient. The recitations which the law provides shall be prima facie evidence are: " * * * That the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate, and fixing the personal liability of the owner, have been performed." Specifically it is complained that the recitals appearing in these certificates do not denominate the lien as "assessment" lien; that there is no recitation that the assessment lien is "against the property described in said certificate," nor is there mentioned "fixing the personal liability of the owner." We cannot agree that the certificates are subject to the criticism made. They describe the property and name the owner; they recite the making of the assessment in such way that the further recitation as to "the" lien can only mean assessment lien. It is equally clear that the personal liability of the owner is clearly recited.

■ It is next complained that the court erred in hearing proof as to the reasonable value of attorney's services, in the absence of evidence of an ordinance showing authority for the recovery of reasonable attorney's fees. The law provides that the ordinance making the assessment "shall provide for the collection thereof, with costs and reasonable attorney's fees, if incurred." Rev. St. 1925, art. 1090. This is the ordinance, proof of which may be dispensed with by reason of the presumptions arising from recitals in the certificates, as we have above held, and we think it clear no distinction is to be made between attorney's fees and the assessment proper, except as to the necessity of establishing by other evidence the amount and reasonableness of the attorney's fees. This contention is, therefore, likewise overruled.

All of appellant's other propositions, except the eleventh proposition, which will hereafter be separately discussed, are so presented as to be rather difficult to deal with, without danger of being misunderstood, and by reason of such misunderstanding leading the trial court into possible error in another trial of the case. But for the error of the court discussed under the eleventh proposition, we would regard it our duty to affirm the judgment. This would not mean that no error was disclosed in any of the other proceedings, but simply that the errors, if any, were not so presented, or else were not shown to be harmful in such a way as to call for a reversal.

[3] For instance, by the third proposition complaint is made of the action of the trial court in admitting testimony over the objection of the defendant of a certain ledger claimed to have been kept during the lifetime of Kate F. Morton, as well as by her husband, F. M. Morton. The entries in the ledger complained of appear to have been offered in connection with the testimony of W. H. Murchison, one of the attorneys for appellee. The bill of exception, however, does not show that the ledger or the said entries were introduced in evidence. Nor does the bill show that the objections upon which the proposition is based, were, in fact made. The objections shown by the bill to have been made were that the entries were not made in the presence of Mr. Baldwin, were highly prejudicial, would be hearsay and self-serving, and inadmissible. By the proposition it is contended that the account book was not admissible, in the absence of a showing (1) that it was kept for that purpose; (2) that it contained original entries made by the proper parties contemporaneously with the transaction; (3) that the parties offering them were in the habit of keeping correct and just accounts, and (4) that it must be supplemented by the oath of the party. The question is not raised by the objection that the testimony was hearsay, for it is manifestly true that books of account are necessarily of the nature of hearsay testimony. Since it is a character of hearsay testimony which, under the exception to the general rule, is admissible when certain facts appear as a predicate, the proper objection would not have been that it was hearsay, but that the necessary facts had not been shown to bring it within the exception.

The fourth proposition complains of the admission of testimony of W. H. Murchison to the effect that he made up an inventory and appraisement of the property of Morton after his death from original notes and data, and that there was one note for $1,835, one for $2,623.88, another for $449.24, and another for $600, all of which notes were before him at the time of preparing such inventory. If the inventory and appraisement was introduced in evidence, the bill does not show such to be the fact. There is no controversy that there were notes of the description given; no dates are mentioned, or other fact to show that the testimony was harmful, even if inadmissible. If the testimony was really objectionable, none of the objections urged were such as

reached the real objection. In fact, the whole bill leaves it uncertain whether complaint is being made of Murchison's testimony, or some book or memorandum.

The fifth proposition was entirely omitted from the brief, nor was the fifth assignment of error, to which it purported to refer, submitted as a proposition. If it be conceded that the portion of the account book of which complaint is made was for the lack of a proper predicate not shown to be admissible, then, so far as we can see, the matter only deals with charges and credits on the paving certificates, which were fully established by the certificates themselves, and therefore not shown to be prejudicial.

The sixth proposition complains of introduction in evidence of a paper which was a copy of an account kept by F. M. Morton, deceased. The bill shows that the witness Miss Annie Kate Ferguson testified: "I will read the items here relating to Mr. Baldwin. J. L. Baldwin note, $600.00, due in November, 1923; second J. L. Baldwin note, due in November, 1923, amount $449.00; J. L. Baldwin note, $2,623.00, due February 1, 1923. Past-due J. L. Baldwin note, $1,835.00, given February 10, 1921, due in eight months, past due." The bill recites: "Thereupon the list and papers were submitted to the jury." But the bill does not show what list or papers, further than that fact may be disclosed from what was testified by the witness.

The objections urged were that the entries copied purported to be made by Morton during his lifetime in 1923; that the list testified from was on a blank piece of paper from books of original entry; that same had no bearing on any issue in the case, was highly prejudicial and self-serving, comes within no rule of law making it admissible in the case, is purely hearsay, made in the absence of defendant; that defendant was not a party to it and that same is prejudicial to the rights of defendant. It is apparent that none of the objections raised the point of real objection. While most of the testimony, as disclosed by the bill, cannot be said to be harmful, the testimony of the witness that the note for $2,623 was due February 1, 1923, was erroneous, unless the proper predicate had been laid for the introduction of the books from which the list was made, and the list properly identified as showing the true entries in the book; but no such question was so raised and presented as to require a reversal for such error. It is deemed needless to take up the other assignments, and endeavor to show that, although there may be error, none is so presented as to enable us to pass upon it.

By appellant's eleventh proposition we have concluded that there is such error shown as requires that the cause be reversed and remanded. By this proposition it is contended that there was error in the action of the trial judge in making certain communications to the jury while the case was under consideration by the jury. The bill shows that the jury was out two or three days, during which time they reported to the judge several times. On one such occasion the foreman announced to the court, in substance, that some of the jurors were of the opinion that the books should not have been introduced in evidence, in reply to which the court stated that what should or should not be introduced in evidence was of no concern to the jury; that that was a matter for the court; and that the books, along with the oral testimony in the case, was before them for what consideration they might in their wisdom see fit to give the same, under instructions given by the court in the main charge. On another occasion the court verbally directed the jury to go out and discuss coolly, calmly, and dispassionately *the law* and the evidence in the case, in a conscientious effort to arrive at a verdict; that trials were expensive, both to the plaintiff and defendant, as well as to the county." On another occasion the jury reported to the court that they desired to know just what portion of the certain pages of the old ledger and the new ledger had been introduced in evidence for their consideration. The jury had had the books before them, and thereupon the court "did then take the old ledger and the new ledger, and point out to the jury the pages or portions thereof that he *understood* to have been introduced in evidence for their consideration." It was shown that within about an hour after the last-named direction the jury returned their verdict.

Instructions to juries are required to be in writing. Rev. St. 1925, arts. 2184, 2185. While some latitude must necessarily be allowed the trial court in dealing with the jury, as to discharging them or sending them back for further deliberations, it is not proper to suggest considerations, such as that of expense to the parties or the county, as reasons for their reaching an agreement. The case being submitted on special issues, it was not proper for the court to instruct the jury, even had it been in writing, "to discuss coolly, calmly, and dispassionately the law * * * in the case." Only fact issues were properly submitted to the jury, and it was contrary to the whole scheme of submitting cases to the jury upon special issues to instruct them that they were to consider the law.

We think the oral instructions of the court are shown to be erroneous, under the authority of the cases cited by appellant. Missouri, K. & T. Ry. Co. v. Barber (Tex. Com. App.) 209 S. W. 394; Gulf, C. & S. F. Ry. Co. v. Johnson, 99 Tex. 337, 90 S. W. 164; Pecos & N. T. Ry. Co. v. Finklea (Tex. Civ. App.) 155 S. W. 612; Texas Midland R. R. v. Brown (Tex. Com. App.) 228 S. W. 915.

For the errors mentioned, the judgment of the trial court is reversed, and the cause remanded.