## REED et al. v. BATES.

### No. 1970.

Court of Civil Appeals of Texas. Beaumont.
Aug. 15, 1930.

Rehearing Denied Oct. 15, 1930.

Fulbright, Crooker & Freeman, of Houston, for appellants.

H. E. Cox and King, Wood & Morrow, all of Houston, for appellee.

HIGHTOWER, C. J.

On the night of December 21, 1927, appellee, Thomas Bates, was riding in a truck

owned by Artic Ice Company, at that time being operated by Randolph Morris, on Dallas avenue, in the city of Houston. At the intersection of Dallas avenue with St. Emanuel street there was a collision between the truck and one of Robert Reed's taxicabs. This was a suit by appellee against appellant Robert Reed and the Fidelity American Insurance Company, with whom Reed had a policy of indemnity in the sum of $2,500. Appellee pleaded several grounds of negligence against appellants, which were sent to the jury by special issues and found in his favor, with his damages fixed at the sum of $10,000. Appellants answered by pleas of contributory negligence, negligence of the driver of the truck, etc. These defenses were sent to the jury in the form of special issues, all of which were answered against appellants' contentions. Upon the verdict returned, judgment was entered in appellee's favor against Fidelity American Insurance Company upon its bond for $2,500, and against Robert Reed for $10,000, with proper adjustment between Robert Reed and his insurance company. Appellants duly perfected their appeal from that judgment to the Galveston Court of Civil Appeals, and, under orders of the Supreme Court, the case is now upon the docket of this court.

■■ Error is assigned against the following charge on the burden of proof:

"The burden is upon the plaintiff to prove by a preponderance of the evidence the affirmative of Special Issues Nos. 1 to 18, both inclusive. The burden is upon the defendant to prove by a preponderance of the evidence the affirmative of special issues hereinafter to be submitted to you, being Special Issues Nos. 19 to 33-b, both inclusive."

The proposition is that this charge informed the jury the effect of their answers to the questions submitted. Questions Nos. 1 to 18, inclusive, submitted the issues of negligence made by appellee's petition, and the other questions the defensive issues made by appellants' answer. On this statement, of course, the charge correctly placed the burden of proof upon the appellee to establish his issues and upon appellants to establish their defensive issues. As we understand the authorities, this form of charge is held not to be reversible error. Duron v. Beaumont Iron Works (Tex. Com. App.) 9 S.W.(2d) 1104; Missouri-Kansas-Texas Railway Co. v. Thomason, 3 S.W.(2d) 106; Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Smith v. Railway Company (Tex. Civ. App.) 8 S.W.(2d) 548. Though this charge does not constitute reversible error, we think, where the court charges on the burden of proof in a special issue case, the suggestion made by the Austin Court of Civil Appeals in Wootton v. Jones, 286 S. W. 680, 688, should be followed: "In

charging on the burden of proof in a special issue case, we think the proper practice is to point out to the jury where, and not upon whom, the burden of establishing by a preponderance of the evidence lies."

Omitting formal parts, appellants' bill of exceptions No. 1 is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, after the court had submitted to the jury its charge in writing and after counsel for both sides had completed their arguments with the jury, the court gave over objections of defendants the following oral charge and instruction to the jury:

"'There are one or two things that I want to say to you before you retire in this case. You are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. I want this to be a final judgment in this case, so that it cannot be upset by any misconduct of the jury, and in this connection there are two things which I want to point out to you.

"'If you know anything outside of the record in this case of your own knowledge with regard to the facts of the case or that will affect your opinion of the credibility of the witnesses, keep it to yourself and do not use it in your discussion of the case in enforcing your arguments upon your fellow jurors in arriving at your verdict; you may know more about that crossing down there where the collision occurred than any of these witnesses who have testified; I don't know that I can keep you from thinking about that while you are discussing this case, but I want you to disregard it and render your decision on the evidence you heard on this stand. You should not discuss it with your fellow jurors. You have the right to believe one witness if you want to and you can disbelieve another witness if you want to. You may have something in your mind or you may know something which will affect the credibility of a witness, and you must not discuss that fact with your fellow jurors in arriving at your verdict.

"'The next point is the question of arriving at the damages by the use of what we call lottery. We mean by that having each juror write on a slip of paper the amount of damages he thinks the plaintiff should have and then arriving at an average by taking the total of the amounts written down by each juror and dividing by twelve.

"'Of course, you can use any method you wish of ascertaining what amount each juror thinks should be given and then consider the various proposals, but you must not do it by lottery for you can see that then one man who thinks the plaintiff ought to recover will put the amount way up high—higher than he thinks the damage should be—to offset the

amounts put down by others. I don't want you to mention or consider anything about attorneys' fees.

"'I won't tell you that any juror should surrender his personal judgment as to the proper verdict but it is your duty to reconcile incompatible views and reach a verdict if you can do so.

"'If you should do the things against which I have warned you, I should have to set aside your verdict. Only the other day a judge in one of the District Courts had to set aside a verdict because of some such misconduct on the part of the jury, and I do not want this to happen in this case.'

"Be it further remembered that at the time said charge was given, counsel for defendants objected and excepted to it and requested the court to instruct the jury to disregard it and was about to state the grounds of defendants' objections when the court states that defendants could have a full bill of exception, to the action of the court in giving said charge, and defendants were given permission to file herein such a bill of exception, counsel for plaintiff being present when the foregoing transpired and made no objections thereto.

"Fulbright, Crooker & Freeman
"Attorneys for Defendants.

"The foregoing bill of exception No. 1 having been reduced to writing by counsel for defendants and having been presented to the undersigned judge of said court for allowance and signature on the 12th day of November, 1929, and within the time required by law, and having been by said court found to be correct, it is hereby allowed, approved and ordered filed by the clerk of this court as a part of the record in this cause this 12th day of November, 1929.

"Ewing Boyd, Judge."

To this bill appellants added a detailed statement of the grounds of their exceptions signed by their counsel, but not signed by the trial judge. Appellee correctly contends that this addition to the bill without the judge's approval is of no force and constitutes no part thereof. Kempner v. Patrick, 43 Tex. Civ. App. 216, 95 S. W. 51; Morris v. Southern Shoe Co., 44 Tex. Civ. App. 488, 99 S. W. 178; St. Louis Southwestern Railway Co. v. Wadsack (Tex. Civ. App.) 166 S. W. 42, 45. Without the aid of this addition to the bill appellee says it is imperfect in the following respects: (a) As approved by the judge it is only general in its exceptions and fails to show that specific objections were made at the time the charge was delivered to the jury; (b) it fails to show the rulings made by the court upon appellants' objections and exceptions; and (c) it fails to show that appellants excepted to the rulings of the court at the time the charge was given to the jury.

As general rules of procedure appellee's objections are well taken. But this bill does not fall within the general rule. It affirmatively appears from its recitations that appellants were prepared to and would have filed specific exceptions to the charge but for the ruling of the court denying them that right. The bill further recites that the court gave appellants "a full bill of exceptions." If this language means anything at all, it could only mean that the court promised appellants that their bill should embody all the essential elements of a good bill of exceptions. To strike out and refuse to consider this bill upon the certificate of the trial judge as it appears before us would be to deny them due process of law. They did everything possible to be done under the circumstances. For another reason the bill is not bad. The law requires the trial judge to submit his charge to counsel for exceptions before it is read to the jury. When that has been done, then counsel must reserve specific exceptions, but, when the court delivers his charge to the jury without affording counsel an opportunity to inspect it and except thereto, the very reason for the rules contended for by appellee fails, and the only possible relief available to the complaining party is to present his exceptions in the appellate court, as appellants have done in this case.

Appellee would sustain this charge by his counter proposition to the effect that it was only admonitory in character and gave no instructions to the jury upon the contested issues. He says that the charge did nothing more than to instruct the jury that it "should not consider or discuss anything they might personally know about the case; that they should not arrive at a verdict by lottery, and should not discuss attorneys' fees." In the particulars thus summarized, the charge was admonitory, and to this extent was not error. It has been said many times by our courts that an admonitory charge is not error, but that such charges are "salutary in effect." Houston Belt & T. Railway Co. v. Davis (Tex. Civ. App.) 19 S.W.(2d) 77; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Luse v. Beard (Tex. Civ. App.) 252 S. W. 243; St. Louis, S. F. & T. Railway Co. v. Allen (Tex. Civ. App.) 296 S.W. 950.

But appellee has not correctly analyzed the charge in all its essential elements. The charge was not only admonitory, but submitted to the jury the following controlling principles of law, each directly applicable to the issues submitted to its consideration:

(a) "You have the right to believe one witness if you want to and you can disbelieve another witness if you want to."

(b) "I won't tell you that any juror should surrender his personal judgment as to the

proper verdict but it is your duty to reconcile incompatible views and reach a verdict if you can do so."

(c) It contains a charge on the burden of proof.

The effect of the charge to the jury that it had the right to believe one witness and to disbelieve another witness, as worded, was to invest them with arbitrary power to discredit the testimony of certain witnesses and to believe certain witnesses. In Dwyer v. Bassett & Bassett, 63 Tex. 274, our Supreme Court condemned this instruction in the following language: "Any charge which informs a jury that they are at liberty to disregard the testimony of a witness under a given state of facts, without exercising their own judgments as to the credibility of the witness, based on all that they may see, and hear from witnesses during the trial, in our opinion infracts the rule."

See, also, Ft. Worth & D. C. Railway Co. v. Bunrock (Tex. Civ. App.) 46 S. W. 70.

■ It was also reversible error to charge that it was the duty of the jury "to reconcile incompatible views and reach a verdict, if you can do so." Condemning a similar charge, Judge Williams said, in Gulf, C. & S. F. Railway Co. v. Johnson, 99 Tex. 337, 90 S. W. 164, 165: "In our opinion the subject is one upon which the court should not have undertaken to advise the jury at all. * * * The fundamental objection to such instructions is that the law, in our opinion, prescribes no rule for the court to lay down, except that the jury are to find in accordance with the truth as their judgments, honestly applied to the evidence, lead them to believe it to be, or, as their oath expresses it, 'that they will a true verdict render according to the law * * * and the evidence.' What prepossessions or inclinations of mind a juror may surrender consistently with an intelligent and conscientious discharge of this duty is for him alone to determine, for the reason that it is his judgment the law seeks to obtain, and he should be left to form it uninfluenced by advice from the court."

· ■ The oral charge upon the burden of proof was not admonitory, but was upon a principle of law "indispensable in the administration of justice." In Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, 595, discussing this principle, it was said: "It [the burden of proof rule] has been so long in use that many consider it a mere formality, but it is not so. It is not idle ceremony, but its office is important, and indeed indispensable, in the administration of justice. It should be jealously guarded by the courts, for a trial without it would in many instances be a mockery, and in all instances unfair, resulting often in a miscarriage of justice."

■ This oral charge, in so far as it constituted an instruction to the jury upon the law of this particular case, was reversible error, for, under article 2184, R. S. 1925, the law of the case must be submitted to the jury by a written charge unless "expressly waived by the parties." Under the decisions, the provisions of article 2184 are mandatory. Sharman v. Newsome & Johnston, 46 Tex. Civ. App. 111, 101 S. W. 1020; International & G. N. Railway Co. v. Parke (Tex. Civ. App.) 169 S. W. 397; Wallace v. Shapard, 42 Tex. Civ. App. 594, 94 S. W. 151. This error alone would reverse the judgment of the lower court.

Appellants also assign that this oral charge was upon the weight of the evidence, in that it assumed that the jury would answer the special issues in appellee's favor and, assess him damages. If that point be conceded, appellee insists that it was harmless error because under the court's written charge the jury was required to assess damages regardless of how the other issues were answered. As the judgment of the lower court must be reversed for the errors already discussed, it is not necessary to determine the merits of this assignment, as it should not occur upon another trial.

Without quoting from the record, it is our conclusion that the answers of the jury to all issues submitted have sufficient support in the evidence. Appellants assert that the court refused to submit certain defensive issues raised by their pleadings and testimony. Appellee's counter propositions to these contentions are that these issues were not raised. On the present statement of facts these counter propositions are sustained, but, if upon another trial the evidence raises these issues, of course they should be submitted.

The judgment of the lower court is reversed, and the cause remanded for a new trial.