**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Geraldine J. STEVENS, Individually and as Administratrix of the Estate of Louis Morris Stevens, Deceased, Appellee.**

**No. 1572.**

Court of Civil Appeals of Texas, 14th District.

June 22, 1977.

Rehearing Denied July 13, 1977.

Robert A. Rowland, III, Vinson & Elkins, Houston, for appellant.

O. Joseph Damiani, Houston, for appellee.

CIRE, Justice.

Defendant in a suit to recover payments under an insurance policy appeals from a judgment for plaintiff, presenting, *inter alia,* the question of the propriety of the "dynamite" charge in Texas.

On October 21, 1973 Louis Morris Stevens was killed when the automobile he was driving crashed head-on into a bridge abutment in Brazoria County. Appellee Geraldine J. Stevens, individually and as administratrix of the deceased's estate, demanded payment of appellant Travelers Insurance Co. and other companies on policies insuring the life of the deceased. Appellant and the other companies refused to pay, contending the deceased committed suicide, an event which limited the companies' liability or excluded it entirely. Appellee then sued the companies for payment.

The case was twice tried before a jury. Evidence was presented for five days in the first trial, and a mistrial was declared after

the jury was unable to reach a verdict. At the second trial, the statement of facts shows strongly conflicting evidence was presented over the course of four days on the question of whether the deceased died by accident or committed suicide.

The case was submitted to the jury on two special issues inquiring whether the death was caused by (1) accident or (2) suicide. The jury began deliberations late Friday afternoon and, after some four hours, the foreman sent a note to the court, explaining that the jury had been deadlocked eight to four for well over an hour, that a poll of the jurors indicated there was no likelihood of a change, and requesting instructions from the court.

The appellant's bill of exceptions reveals that the court discussed the jury's note in chambers with counsel and considered a number of alternatives, including a sample "dynamite" or "Allen" charge intended to urge the jurors to reach a verdict. Appellant's counsel announced to the court that use of the supplemental charge would be detrimental to appellant and expressed his intention to object if the charge were given to the jury. The conference in chambers concluded without the court advising counsel of what action it intended to take. The court then gave to the jury an oral, supplemental charge which varied from the sample read in chambers. Contrary to rule 286, Texas Rules of Civil Procedure, the charge was not in writing. The charge was not reported, but the judge later dictated his recollection of it into the record nunc pro tunc and then modified it by granting in part the "attempt to recollect the Court's additional statements" filed by appellant's counsel as part of its bill of exceptions. The charge as modified read:

Ladies and Gentlemen of the jury, I have your note that for the past hour you have been deadlocked by a vote of 8 to 4. You request further instructions. This Case has been ably tried by lawyers, experienced, of long standing, and in the interest of justice, if you could end this litigation by your verdict, you should do so.

What is more, ending it will meet with the approval of the Court. I don't mean to say by that that any individual person on the jury should yield his own conscience and positive conviction, but I do mean that when you are in the jury room, you should discuss this matter among yourselves carefully and listen to each other, and try, if you can, to reach a conclusion on the issues. It is the duty of jurors to keep their minds open and free to every reasonable argument that may be presented by fellow jurors that they may arrive at the verdict which justly answers the consciences of the individuals making up the jury. A juryman should not have any pride of opinion, and should avoid hastily forming or expressing an opinion. He should not surrender any conscientious views founded upon the evidence unless convinced by his fellow jurors of his error.

It has cost the taxpayers of Harris County considerable expense to have this case tried before a Jury over the past week.

I am satisfied ladies and gentlemen that you have not deliberated sufficiently so that, in good conscience, I can accept a report that you cannot arrive at an agreement. It will take considerably more time before anyone can satisfy me as to that. Accordingly, I return you to your deliberations.

After this charge was given, the jury retired to continue its deliberations. Appellant's counsel then timely objected to the charge for the record, and the objection was overruled.

The jury deliberated approximately 20 minutes before asking to be excused for the weekend. They returned Monday morning and, after deliberating some four hours, returned a verdict favorable to appellee, finding that the death was caused by accident, not suicide. Ten jurors concurred in this verdict.

■ Appellant presents 12 points of error. The first seven points assert that there was no evidence to support the submission of the two special issues and that

the jury's answers to these issues were not supported by sufficient evidence. We believe the jury's verdict was supported by sufficient evidence. These points are overruled.

The ninth point assigns error in the court's submission of the supplementary charge urging the jury to reach a verdict, because it was coercive in that it influenced and changed the vote of those jurors in the minority. We agree.

This supplemental charge urging the jury to reach a verdict—known as the "dynamite" or "Allen" charge (after *Allen v. U. S.,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 [1896])—is improper for a number of reasons.

■ The supreme court long ago held that it was improper for a court to advise the jurors on the manner in which they were to reach their verdict, as by reconciling differences and avoiding pride of opinion. The jurors' prepossessions and inclinations of mind must be held or surrendered alone, without the court's instructions. *Gulf, C. & S. F. Ry. v. Johnson,* 99 Tex. 337, 342, 90 S.W. 164, 165 (1905); *Reed v. Bates,* 32 S.W.2d 216, 219 (Tex.Civ.App.-Beaumont 1930, no writ).

■ The charge that, in the interest of justice, the jury should end this litigation if it could do so, and that ending it would meet with the court's approval, was coercive in getting members of the minority to change their views. *Texas Midland R.R. v. Brown,* 228 S.W. 915, 916–17 (Tex.Com.App. 1921, holding approved).

■ The court also erred in emphasizing the point that it was a considerable expense to the taxpayers of the county to have the case tried before a jury. This part of the charge indicated to the minority jurors that it was wasteful not to reach a verdict, and that it was in their personal interest (if taxpayers) and a community service to save the county any additional expense by reaching a verdict and avoiding another trial. It was prejudicial and coercive to suggest that failure to reach a verdict was wasteful. *Texas Midland R. R. v. Brown,* 228 S.W. at 916; *Missouri, K. & T. Ry. v. Barber,* 209 S.W. 394, 395 (Tex.Com.App.1919, holding approved).

■ Appellee points to rule 226a, Texas Rules of Civil Procedure, as approval of an instruction that a retrial of a case is a wasteful expense to the parties and the county. That rule provides that members of a jury panel shall be given certain admonitory instructions before voir dire, including this caution:

If you do not obey the instructions I am about to give you, it may become necessary for another jury to re-try this case with all of the attendant waste of your time here and the expense to the litigants and the taxpayers of this county for another trial.

But this reference to the expense of a trial refers only to the jurors' failure to obey the court's instructions. It does not urge the minority jurors to reconsider their decision, to reconcile their differences, and to reach a verdict.

We can well understand how a trial judge in a case such as this, where there had already been one mistrial, would be inclined to give such a charge. It would be permissible if given in writing, Tex.R.Civ.P. 286, with the agreement of counsel for all parties, but for all of the above reasons, it may not otherwise be given.

Our holding on this point makes it unnecessary to decide the remaining points of error.

The judgment is reversed, and the case is remanded for trial.